STATE OF NORTH CAROLINA v. RONALD JEFFERY

No. COA03-1364

(Filed 21 December 2004)

**1. Appeal and Error— *Alford* plea—bills of information—outside scope of review**

An issue concerning the bills of information for an indecent liberties defendant was not considered where defendant entered an *Alford* plea. Moreover, defendant did not challenge the bills of information at trial, and plain error review applies only to jury instructions or the admissibility of evidence.

**2. Appeal and Error— failure to object—sentencing issue—not waived**

Appellate review of a sentencing issue was not waived by failure to object; an error at sentencing is not an error at trial and no objection is required to preserve the issue for review.

STATE v. JEFFERY

[167 N.C. App. 575 (2004)]

### 3. Sentencing— prior record level—worksheet alone insufficient—plea agreement not an implied stipulation

Defendant's sentence for indecent liberties was remanded where the State submitted only the prior record level worksheet without supporting documents or other statutorily authorized means of proof. Defendant's plea agreement did not provide an implied stipulation to a prior record level because there was no reference to the record level or the worksheet in defense counsel's discussion with the judge. Furthermore, defendant's plea agreement was not sufficiently specific to rise to the level of a stipulation.

Appeal by defendant from judgments dated 16 April 2003 by Judge B. Craig Ellis in Superior Court, Scotland County. Heard in the Court of Appeals 30 August 2004.

*Attorney General Roy Cooper, by Assistant Attorney General Amy C. Kunstling, for the State.*

*George E. Kelly, III for defendant-appellant.*

McGEE, Judge.

Ronald Jeffery (defendant) pled guilty on 16 April 2003 to six counts of taking indecent liberties with a child, Class F felonies. The plea was entered pursuant to *North Carolina v. Alford*, 400 U.S. 25, 27 L. Ed. 2d 162 (1970). The six bills of information to which defendant pled guilty alleged that defendant took indecent liberties with B.L.L., defendant's minor stepdaughter, during the following six time periods: between 7 May 2000 and 7 July 2000; between 7 August 2000 and 6 October 2000; between 7 November 2000 and 7 January 2001; between 7 February 2001 and 7 April 2001; between 7 May 2001 and 7 July 2001; and between 7 August 2001 and 7 October 2001. The trial court sentenced defendant to six consecutive sentences of twenty to twenty-four months in prison. In exchange for his plea, the State dismissed rape and sex offense charges against defendant. Defendant appeals.

The State's factual basis for entry of defendant's plea tended to show that B.L.L. resided with her mother and defendant. Beginning in May 2000, when B.L.L. was eleven years old, defendant engaged in various sex acts with B.L.L. On the first occasion, defendant put a knife to B.L.L.'s throat and put his penis inside her. Defendant threatened to kill B.L.L. and her mother if B.L.L. told anyone. On other occa-

**STATE v. JEFFERY**

[167 N.C. App. 575 (2004)]

sions, defendant would wake B.L.L. up and "have sex with [her] on the [living room] floor." On two occasions, defendant made B.L.L. "suck his penis." Defendant had sex with B.L.L. for the last time "one or two weeks before [defendant] was sent to prison" on other charges on 15 January 2002. In her statement, B.L.L. indicated that she did not know exactly how many times defendant had sex with her but she stated that "it has been a lot."

After defendant was sent to prison, B.L.L. told her mother that defendant had been having sex with her. B.L.L. had medical evaluations at both the Apex Center and the Purcell Clinic. Both evaluations led to the conclusion that B.L.L.'s hymen had been broken and that there were "clear signs that she had had sexual intercourse."

B.L.L.'s natural father had previously been convicted of sex crimes against children. Although B.L.L. had seen her natural father after his release from prison, B.L.L. was adamant that her natural father had never abused her. According to the State, B.L.L. was consistent and specific in her claims that defendant committed these crimes against her.

I.

**[1]** Defendant argues in his first assignment of error that the six bills of information upon which defendant was convicted were unconstitutionally vague. Specifically, defendant argues that the bills of information, by leaving open five one-month gaps during the overall time period in which the State contends the offenses occurred, unreasonably expose defendant to future charges, violating his constitutional right against double jeopardy. Defendant also contends that the bills of information were not supported by the State's factual basis for the plea, since there was evidence that B.L.L. was in fact sexually assaulted by her natural father. In response, the State argues that defendant has no right to appeal this issue. We agree with the State.

Under N.C. Gen. Stat. § 15A-1444 (2003), a defendant who pleads guilty has a right to appeal only the following issues: (1) whether a defendant's sentence is supported by evidence introduced at the trial and sentencing hearing, but only if the minimum sentence for imprisonment does not fall within the presumptive range; (2) whether the sentence imposed resulted from an incorrect record level finding or was not of a type or duration authorized for a defendant's class of offense or record level; or (3) when a motion to withdraw a plea of guilty or a motion to suppress evidence is denied.

Defendant entered an *Alford* plea, yet this assignment of error does not concern his sentencing, a motion to withdraw a guilty plea, or a motion to suppress evidence. This assignment of error therefore falls outside the scope of the matters that defendant is statutorily entitled to appeal and is not properly before this Court. *See, e.g., State v. Jamerson,* 161 N.C. App. 527, 528-29, 588 S.E.2d 545, 546-47 (2003) (finding a defendant who pled guilty did not have an "appeal of right" regarding the issue of whether his indictment was proper).

We also note that defendant did not challenge the constitutionality of the bills of information before the trial court. Our Supreme Court has stated that "[c]onstitutional issues not raised and passed upon at trial will not be considered for the first time on appeal." *State v. Lloyd,* 354 N.C. 76, 86-87, 552 S.E.2d 596, 607 (2001); *see also State v. Williams,* 355 N.C. 501, 528, 565 S.E.2d 609, 625 (2002), *cert. denied,* 537 U.S. 1125, 154 L. Ed. 808 (2003). Defendant acknowledges that he failed to object to the indictments at trial, yet urges us to apply plain error review. However, we may only apply plain error review to issues involving jury instructions or rulings on the admissibility of evidence. *State v. Gregory,* 342 N.C. 580, 584, 467 S.E.2d 28, 31 (1996). As a result, we do not review this assignment of error.

II.

Defendant argues in his remaining assignment of error that the State did not meet its burden of proving defendant's prior record level at sentencing because the State did not produce any evidence of defendant's prior record other than the prior record level worksheet. In reviewing this assignment of error, "our standard of review is 'whether [the] sentence is supported by evidence introduced at the trial and sentencing hearing.' " *State v. Deese,* 127 N.C. App. 536, 540, 491 S.E.2d 682, 685 (1997) (alteration in original) (quoting N.C. Gen. Stat. § 15A-1444 (a1) (Cum. Supp. 1996)). The State bears the burden of proving a prior conviction by a preponderance of the evidence. N.C. Gen. Stat. § 15A-1340.14(f) (2003). Prior convictions may be proven by any one of the following methods:

(1) Stipulation of the parties.

(2) An original or copy of the court record of the prior conviction.

(3) A copy of records maintained by the Division of Criminal Information, the Division of Motor Vehicles, or of the Administrative Office of the Courts.

(4) Any other method found by the court to be reliable.

*Id.*

[2] The State contends that defendant has waived this argument by failing to object as required by N.C.R. App. P. 10(b)(1). However, "[o]ur Supreme Court has held that an error at sentencing is not considered an error at trial for the purpose of N.C. Rule 10(b)(1) of the North Carolina Rules of Appellate Procedure" and therefore no objection is required to preserve the issue for appellate review. *State v. Hargett*, 157 N.C. App. 90, 92, 577 S.E.2d 703, 705 (2003) (citing *State v. Canady*, 330 N.C. 398, 410 S.E.2d 875 (1991)); *see also State v. Mack*, 87 N.C. App. 24, 33, 359 S.E.2d 485, 491 (1987), *disc. review denied*, 321 N.C. 477, 364 S.E.2d 663 (1998) (holding that the "defendant was not required to object at the sentencing hearing in order to assert the insufficiency of the [State's] remarks as a matter of law to prove his prior convictions by a preponderance of the evidence.") Therefore, this assignment of error is properly before this Court.

[3] The State does not satisfy its burden of proving defendant's prior record level merely by submitting a prior record level worksheet to the trial court. *See State v. Miller*, 159 N.C. App. 608, 614-15, 583 S.E.2d 620, 624 (2003), *aff'd per curiam*, 358 N.C. 133, 591 S.E.2d 520 (2004); *State v. Bartley*, 156 N.C. App. 490, 501-02, 577 S.E.2d 319, 326 (2003); *State v. Eubanks*, 151 N.C. App. 499, 505, 565 S.E.2d 738, 742 (2002). "[T]he law requires more than the State's unverified assertion that a defendant was convicted of the prior crimes listed on a prior record level worksheet." *State v. Goodman*, 149 N.C. App. 57, 72, 560 S.E.2d 196, 205 (2002), *rev'd on other grounds per curiam*, 357 N.C. 43, 577 S.E.2d 619 (2003).

In *State v. Riley*, 159 N.C. App. 546, 556-57, 583 S.E.2d 379, 386-87 (2003), the State submitted only a prior record level worksheet to the trial court as evidence of the defendant's prior record level. This Court held that absent any records of the defendant's prior convictions, either from the trial court or an agency listed in N.C. Gen. Stat. § 15A-1340.14(f)(3), the worksheet was an insufficient means for the State to prove the defendant's prior convictions by a preponderance of the evidence. *Riley*, 159 N.C. App. at 557, 583 S.E.2d at 387; *accord Miller*, 159 N.C. App. at 615, 583 S.E.2d at 624; *see also Bartley*, 156 N.C. App. at 502, 577 S.E.2d at 326.

In this case, the State has similarly failed to prove defendant's prior record level by a preponderance of the evidence. The State sub-

mitted only the prior record level worksheet listing the purported convictions of defendant, which established his prior record at level III. The State never tendered to the trial court or entered into evidence any supporting court documents or other statutorily authorized means of proof of defendant's prior convictions. An otherwise unsupported worksheet tendered by the State establishing a defendant's prior record level is not even "sufficient to meet the catchall provision found in [N.C. Gen. Stat.] § 15A-1340.14(f)(4), even if uncontested by defendant." *Riley*, 159 N.C. App. at 556-57, 583 S.E.2d at 387; *see also Bartley*, 156 N.C. App. at 502, 577 S.E.2d at 326.

The State contends that defendant "impliedly stipulated" to a prior record level III by entering into a plea agreement that established defendant's sentence at twenty to twenty-four months in prison for each charge, a sentence within the presumptive range for Class F felonies committed by a record level III felon. We recently rejected a similar argument in *State v. Alexander*, 167 N.C. App. 79, 604 S.E.2d 361 (2004).

This Court has held that a defendant can stipulate to a prior record level through a colloquy between defense counsel and the trial court. In *Eubanks*, we held that such statements made by defense counsel could "reasonably be construed as a stipulation by defendant that he had been convicted of the charges listed on the worksheet." *Eubanks*, 151 N.C. App. at 506, 565 S.E.2d at 743. In *Eubanks*, the following exchange occurred at the trial court:

THE COURT: Evidence for the State?

[THE PROSECUTOR]: If Your Honor please, under the Structured Sentencing Act of North Carolina, the defendant has a prior record level of four in this case, Your Honor.

THE COURT: Do you have a prior record level worksheet?

[THE PROSECUTOR]: Yes, sir, I do.

THE COURT: All right. Have you seen that, Mr. Prelipp [attorney for defendant]?

MR. PRELIPP: I have, sir.

THE COURT: Any objections to that?

MR. PRELIPP: No, sir.

*Id.* at 504-05, 565 S.E.2d at 742.

Similarly, in *State v. Johnson*, 164 N.C. App. 1, 24, 595 S.E.2d 176, 189 (2004), we held that when defense counsel "answered in the affirmative" in response to the trial court's statement that the defendant had a prior record level III, the exchange was a stipulation to the prior convictions listed on the worksheet.

*Johnson* and *Eubanks* are distinguishable from the case before us. In both *Johnson* and *Eubanks*, defense counsel engaged in a colloquy with the trial court that specifically mentioned the defendants' prior record levels and elicited admissions by defense counsel as to the validity of the worksheets upon which the record levels were based. *See Johnson*, 164 N.C. App. at 22-23, 595 S.E.2d at 188-89; *Eubanks*, 151 N.C. App. at 504-05, 565 S.E.2d at 742. Such a colloquy is lacking in our present case. Defense counsel makes no reference to the worksheet in his discussion with the trial court. In fact, the only mention of defendant's prior record level is the trial court's statement that defendant has "seven prior record points" and has a "prior record level three."

Furthermore, defendant's plea agreement, in which defendant agreed to six consecutive sentences of twenty to twenty-four months in prison, is of insufficient specificity to rise to the level of a stipulation. Our Supreme Court has held that

> "[w]hile a stipulation need not follow any particular form, its terms must be definite and certain in order to afford a basis for judicial decision, and it is essential that they be assented to by the parties or those representing them. . . ."
>
> . . . Silence will not be construed as assent thereto unless the solicitor specifies that assent has been given.

*State v. Powell*, 254 N.C. 231, 234-35, 118 S.E.2d 617, 619-20 (1961), *overruled on other grounds by State v. Denning*, 316 N.C. 523, 342 S.E.2d 855 (1986) (quoting 83 C.J.S., Stipulations, s.3, p.3); *see also State v. Mullican*, 95 N.C. App. 27, 29, 381 S.E.2d 847, 848 (1989), *aff'd*, 329 N.C. 683, 406 S.E.2d 854 (1991). Defendant's agreement to six presumptive range sentences is not a "definite and certain" indication that defendant has a prior record level III. It is merely indicative of the bargain into which he entered with the State. Additionally, under *Powell*, defendant's failure to object at the sentencing hearing to a prior record level III cannot be interpreted as a stipulation. *Powell*, 254 N.C. at 235, 118 S.E.2d at 620.

Therefore, since the State introduced no evidence of defendant's prior record level other than the worksheet, and defendant did not stipulate to a prior record level III, defendant is entitled to a new sentencing hearing for a determination of his prior record points and level.

We find no error in the six bills of information to which defendant pled guilty; we remand defendant's case for resentencing.

Affirmed; remanded for resentencing.

Chief Judge MARTIN and Judge WYNN concur.