STATE OF NORTH CAROLINA
v.
WILLIAM EARL FULLER, Defendant.
No. COA07-663
Court of Appeals of North Carolina
Filed July 15, 2008
This case not for publication
Attorney General Roy Cooper, by Associate Attorney General Catherine F. Jordan, for the State.
Jarvis John Edgerton, IV for defendant-appellant.
GEER, Judge.
In State v. Fuller, 179 N.C. App. 61, 632 S.E.2d 509, appeal dismissed, 360 N.C. 651, 637 S.E.2d 180 (2006), we upheld defendant William Earl Fuller's convictions of first degree rape of a child and indecent liberties with a child, but we vacated his sentence and remanded for re-sentencing. On remand, the trial court sentenced defendant as a prior record level III. In appealing this sentence, defendant contends that the State failed to meet its burden under N.C. Gen. Stat. § 15A-1340.14(f) (2007) of proving his prior record level. Based upon our review of the record, however, we conclude that defendant stipulated to his prior convictions and that those convictions result in a prior record level III. We, therefore, affirm defendant's sentence.

Facts
The facts underlying defendant's convictions of three counts of aiding and abetting first degree rape of a child and two counts of aiding and abetting indecent liberties with a child are set forth in our prior opinion. Fuller, 179 N.C. App. at 64-65, 632 S.E.2d at 512. Defendant was initially sentenced to a presumptive-range term of 336 to 413 months for one count of aiding and abetting first degree rape. The trial court consolidated the remaining convictions and sentenced him to an additional consecutive presumptive-range term of 336 to 413 months imprisonment. We vacated defendant's sentences because the trial court impermissibly based defendant's sentences, at least in part, on defendant's decision to exercise his right to a jury trial. Id. at 71-72, 632 S.E.2d at 515-16.
At the new sentencing hearing held on 16 November 2006, no evidence was presented by either the State or defendant. The prosecutor provided the trial court with a prior record level work sheet listing defendant's prior convictions; the court heard oral argument from both the prosecutor and defense counsel; and defendant addressed the court himself. The trial court found that defendant was a prior record level III and imposed a single presumptive-range sentence of 300 to 369 months imprisonment. Defendant timely appealed to this Court.

Discussion
Defendant contends that the State failed to meet its burden of proving defendant's prior record level as required by N.C. Gen. Stat. § 15A-1340.14(f) (providing that "[t]he State bears the burden of proving, by a preponderance of the evidence, that a prior conviction exists and that the offender before the court is the same person as the offender named in the prior conviction"). N.C. Gen. Stat. § 15A-1340.14(f) sets out four methods for establishing a defendant's prior convictions:
(1) Stipulation of the parties.
(2) An original or copy of the court record of the prior conviction.
(3) A copy of records maintained by the Division of Criminal Information, the Division of Motor Vehicles, or of the Administrative Office of the Courts.
(4) Any other method found by the court to be reliable.
N.C. Gen. Stat. § 15A-1340.14(f)(1)(4).
Defendant contends that the State did not prove his prior convictions by any of these means, but instead relied solely upon a prior record level work sheet. As defendant emphasizes, it is well established that "a mere work sheet, standing alone, is insufficient to adequately establish a defendant's prior record level." State v. Alexander, 359 N.C. 824, 827, 616 S.E.2d 914, 917 (2005). Accord State v. Eubanks, 151 N.C. App. 499, 505, 565 S.E.2d 738, 742 (2002) ("There is no question that a work sheet, prepared and submitted by the State, purporting to list a defendant's prior convictions is, without more, insufficient to satisfy the State's burden in establishing proof of prior convictions."). Our review of the record, however, indicates that defense counsel stipulated to defendant's prior convictions. Our Supreme Court explained in Alexander, 359 N.C. at 830, 616 S.E.2d at 918, that "counsel need not affirmatively state what a defendant's prior record level is for a stipulation with respect to that defendant's prior record level to occur." In other words, "[a] stipulation does not require an affirmative statement and silence may be deemed assent in some circumstances, particularly if the defendant had an opportunity to object and failed to do so." State v. Wade, 181 N.C. App. 295, 298, 639 S.E.2d 82, 85 (2007).
At defendant's re-sentencing, his counsel made the following argument to the court:
[DEFENSE COUNSEL:] The [next] argument that I have for you, Judge, is a technical argument. If you look at the sentencing work sheet, he's got five points listed. And one of the factors that the attorneys brought up on appeal was this five point, four point disparity. You've probably looked at it. Right.
Judge, what I would like to point out that I don't think was pointed out in that appeal was that those two charges, the breaking and entering, possession of cocaine charges are from the same event. He was at a housing project and was charged with breaking and entering `cause he was told to leave and he didn't, from [his] girlfriend's house. And when they picked him up, he had it on him. And so what the State is arguing is there's two jurisdictions because [one conviction] was done in the Superior Court. [The second] was done in the District Court. However, it's really all from the same incidents.
. . . . The District Attorney's Office shouldn't have the opportunity to get two sentencing events, three points out of one criminal event. If you look at that, it makes a difference because if he gets one point less, it drops him from a Level III to a Level II for sentencing purposes.

(Emphasis added.)
Thus, defense counsel referred to the work sheet and relied upon that work sheet in making his argument that defendant should be found to have four points rather than five in calculating his prior record level. In addition, at no time during the re-sentencing hearing did defense counsel dispute any of defendant's convictions in the work sheet. These circumstances are sufficient to constitute a stipulation for purposes of N.C. Gen. Stat. § 15A-1340.14(f). See Wade, 181 N.C. App. at 299, 639 S.E.2d at 86 (concluding that counsel's failure to object to prior convictions listed on work sheet constituted stipulation); State v. Hurley, 180 N.C. App. 680, 685, 637 S.E.2d 919, 923 (2006) (holding stipulation to prior convictions occurred when counsel had opportunity to object, but "rather than doing so, asked for work release"), disc. review denied, 361 N.C. 433, 649 S.E.2d 394 (2007); State v. Cromartie, 177 N.C. App. 73, 81, 627 S.E.2d 677, 682 (holding counsel stipulated to defendant's prior convictions when defense counsel acknowledged work sheet, specifically discussed convictions listed in work sheet in effort to "minimize" defendant's prior record, and at no time disputed "any of the convictions on the work sheet"), disc. review denied, 360 N.C. 539, 634 S.E.2d 538 (2006).
We, therefore, conclude that defense counsel's oral argument was sufficient to constitute a stipulation as to defendant's prior convictions.[1] There is no dispute that the convictions listed on the work sheet result in a prior record level of III. Accordingly, we affirm the trial court's judgment.
Affirmed.
Judges McCULLOUGH and STEELMAN concur.
Report per Rule 30(e).
NOTES
[1] Because of our conclusion, we need not address the State's contention that we determined in our prior opinion that defendant was a prior record level III and that the law of the case doctrine should apply.