STATE OF NORTH CAROLINA
v.
PAUL MARTIN COON
No. COA08-1501
Court of Appeals of North Carolina
Filed June 2, 2009
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Brent D. Kiziah, for the State.
Appellate Defender Staples Hughes, by Assistant Appellate Defender Kristen L. Todd, for defendant-appellant.
MARTIN, Chief Judge.
Defendant appeals, pursuant to N.C. Gen. Stat. § 7A-272(d), from a judgment entered upon his plea of guilty in the District Court of Wilkes County to larceny by employee, a Class H felony. He argues the State failed to meet its burden to prove his prior convictions pursuant to N.C. Gen. Stat. § 15A-1340.14 (2008). We agree and remand for resentencing.
The factual basis for the plea was provided by the State and the victim, Stan Walsh. Mr. Walsh is the proprietor of Walsh Tires. On 23 September 2007, he informed a detective that tires had gone missing from his store, and that he suspected his employees of theft. Upon investigation, two employees implicated defendant. Defendant admitted to stealing three tires, and was thereupon arrested and charged with larceny by an employee.
Defendant pleaded guilty to the charge. The trial court determined defendant to have a record level III based on six prior record level points, and imposed a sentence of ten months minimum and twelve months maximum. The trial court suspended the sentence and placed defendant on probation for twenty-four months with various conditions attached. The trial court granted defendant's request to transfer probation to Iredell County, where he lives and works. The court also ordered defendant to pay costs and fees, as well as be jointly and severally liable with a co-defendant in the amount of $646.88 in restitution to the victim. Defendant sought review by filing a petition for writ of certiorari on 9 July 2008. This Court granted the writ by order entered 18 July 2008 for the purpose of reviewing the judgment.
Defendant argues the State failed to meet its burden under N.C. Gen. Stat. § 15A-1340.14(f) to prove the existence of defendant's prior convictions, nor was sufficient evidence presented to establish that the prior out-of-state conviction appearing on the prior record level worksheet was substantially similar to an offense classified as a Class A1 or 1 misdemeanor in North Carolina as required by N.C. Gen. Stat. § 15A-1340.14(e). We agree.
In calculating a defendant's prior record level for sentencing purposes, the North Carolina General Statutes provide:
A prior conviction shall be proved by any of the following methods:
(1) Stipulation of the parties.
(2) An original or copy of the court record of the prior conviction.
(3) A copy of records maintained by the Division of Criminal Information, the Division of Motor Vehicles, or of the Administrative Office of the Courts.
(4) Any other method found by the court to be reliable.
N.C. Gen. Stat. § 15A-1340.14(f)(2008). The State bears the burden of proving the prior convictions exist and that the defendant is the same person who is listed in those prior convictions. State v. Wade, 181 N.C. App. 295, 298, 639 S.E.2d 82, 85 (2007).
Here, the transcript of the hearing reveals that no discussion was had regarding defendant's prior convictions or the calculation of his prior record level. The State presented no evidence in the form of a stipulation by the parties, a copy of the court record of defendant's prior convictions, nor a copy of any record maintained by one of the agencies listed in section 15A-1340.14(f). The record on appeal contains a prior record level worksheet, signed only by the trial judge. It is well established that "[t]he State does not satisfy its burden of proving defendant's prior record level merely by submitting a prior record level worksheet to the trial court." State v. Jeffery, 167 N.C. App. 575, 579, 605 S.E.2d 672, 675 (2004).
The State contends that certain references to defendant's record made by defense counsel at the hearing are sufficient to constitute a stipulation of the prior convictions contained in the prior record level worksheet. In arguing for leniency in sentencing, defense counsel stated, "As far as Mr. Coon goes, YourHonor, you can take a look at his record. He has not had as much as a traffic ticket in nineteen years." In summing up his argument, defense counsel also stated that defendant "has lived a very clean life for twenty years." Oral statements made by defense counsel at sentencing regarding a prior record level worksheet may indeed constitute a stipulation. See State v. Alexander, 359 N.C. 824, 830, 616 S.E.2d 914, 918 (2005). In Alexander, our Supreme Court stated:
Here, defense counsel did not expressly state that he had seen the prior record level worksheet; however, we find it telling that he specifically directed the trial court to refer to the worksheet to establish that defendant had no prior felony convictions. Defense counsel specifically stated that "up until this particular case he had no felony convictions, as you can see from his worksheet." This statement indicates not only that defense counsel was cognizant of the contents of the worksheet, but also that he had no objections to it.
Id. In holding that defense counsel's statement constituted a stipulation, the Court reasoned that "counsel need not affirmatively state what a defendant's prior record level is for a stipulation with respect to that defendant's prior record level to occur." Id. The State argues that the statements made by defense counsel in the instant case are similar to those made in Alexander and, therefore, the trial court did not err in using the prior convictions listed on the worksheet to calculate defendant's prior record level. We are not persuaded that the statements quoted above constitute a stipulation. Several important differences distinguish the statements made here from those made in Alexander. First, defense counsel referred to defendant's "record," not the specific worksheet. Second, defense counsel does not make reference to anything specific about defendant's prior convictions, whether they consist of felonies or misdemeanors, as did the attorney in Alexander. Finally, defense counsel stated that defendant had a clean record for the previous nineteen or twenty years. However, the prior record level worksheet, as contained in the record before us, lists an offense from 1999, approximately nine years before the hearing. Plainly, it is not at all clear that counsel was referring to the worksheet that now appears in the record on appeal. Because counsel's statements cannot be construed as a stipulation, we conclude the trial court erred in accepting the record worksheet.
With regard to the classification of prior convictions from jurisdictions outside North Carolina, section 15A-1340.14(e) provides:
Except as otherwise provided in this subsection, a conviction occurring in a jurisdiction other than North Carolina is classified as a Class I felony if the jurisdiction in which the offense occurred classifies the offense as a felony, or is classified as a Class 3 misdemeanor if the jurisdiction in which the offense occurred classifies the offense as a misdemeanor. If the offender proves by the preponderance of the evidence that an offense classified as a felony in the other jurisdiction is substantially similar to an offense that is a misdemeanor in North Carolina, the conviction is treated as that class of misdemeanor for assigning prior record level points. If the State proves by the preponderance of the evidence that an offense classified as either a misdemeanor or a felony in the other jurisdiction is substantially similar to anoffense in North Carolina that is classified as a Class I felony or higher, the conviction is treated as that class of felony for assigning prior record level points. If the State proves by the preponderance of the evidence that an offense classified as a misdemeanor in the other jurisdiction is substantially similar to an offense classified as a Class A1 or Class 1 misdemeanor in North Carolina, the conviction is treated as a Class A1 or Class 1 misdemeanor for assigning prior record level points.
N.C. Gen. Stat. § 15A-1340.14(e). Here, the prior record level worksheet lists five offenses, only three of which, a felony and two misdemeanors, have a corresponding classification. One felony and two misdemeanors were used to calculate defendant's prior record level. It appears that one of the misdemeanors used was a driving while impaired offense from Michigan, which is classified on the worksheet as Class 1. However, no evidence was presented by the State that this offense is substantially similar to offenses classified as Class A1 or Class 1 misdemeanors in North Carolina. The trial court, therefore, erred in sentencing defendant based upon the prior record level worksheet assigning his prior out-of-state conviction as a Class A1 or Class 1 misdemeanor.
The State concedes that the record does not reflect any evidence regarding the prior out-of-state conviction, but points out that even if the trial court erred with regard to this conviction, one less point would still leave defendant as a level III offender, since he would still have five other prior record level points. A prior record level III is based on five to eight prior record level points. However, given the lack of any evidence supporting any of the prior convictions as discussed above, weconclude that this error could impact defendant's sentence upon resentencing.
Because the trial court calculated defendant's prior record level based on prior convictions, which were not proved by evidence or stipulation, as well as on a prior out-of-state conviction for which no evidence was presented, we remand for a new sentencing hearing.
The record contains additional assignments of error not addressed in defendant's appellate brief. They are deemed abandoned pursuant to N.C.R. App. P. 28(b)(6).
Remanded for resentencing.
Judges BRYANT and ELMORE concur.
Report per Rule 30(e).