STATE OF NORTH CAROLINA,
v.
WILLIAM BRANDON CHILES,
No. COA09-548.
Court of Appeals of North Carolina.
Filed May 18, 2010.
Attorney General Roy A. Cooper, by Assistant Attorney General Kathleen N. Bolton, for the State.
Appellate Defender Staples Hughes, by Assistant Appellate Defender David W. Andrews, for Defendant.

UNPUBLISHED OPINION
BEASLEY, Judge.
William Brandon Chiles (Defendant) appeals from judgment and sentence entered on his guilty plea for robbery with a dangerous weapon, first-degree sexual offense, first-degree burglary, and first-degree kidnapping. For the reasons stated below, we affirm.
In 2005, a Mecklenburg County grand jury indicted Defendant for robbery with a dangerous weapon, first-degree sexual offense, first-degree burglary, and first-degree kidnapping. A suppression hearing was held in February 2008. Defendant made a motion to dismiss the count of robbery with a dangerous weapon, contending that pursuant to N.C. Gen. Stat. § 15A-954(5) and the 5th Amendment to the United States Constitution, he was placed in jeopardy for the same offense. Defendant argued that he was charged with robbery with a dangerous weapon but had already pled guilty to the unauthorized use of the motor vehicle which was the object of the offense charged in the robbery with a dangerous weapon. The trial court denied this motion. That same day, Defendant pled guilty to all the charges. The terms and conditions of the plea agreement included the following:
that [Defendant] shall plead guilty as charged. That [Defendant] shall receive an active sentence at the bottom of the presumptive range for a sentence of 269-336 months. That [Defendant] receive credit for pre-trial confinement in the amount of 1071 days.
The trial court consolidated the charges for judgment and sentenced Defendant to a term of 269 to 336 months. Defendant was also ordered to pay restitution in the amount of $4,852.20. From this sentence, Defendant appeals.
Defendant first argues that the trial court erred by sentencing him at a prior record level III because the State failed to prove that Defendant had a prior conviction for common law robbery. We disagree.
When reviewing whether the State met its burden of proving Defendant's prior record level at sentencing, "`our standard of review is whether [the] sentence is supported by evidence introduced at the trial and sentencing hearing.'" State v. Jeffrey, 167 N.C. App. 575, 578, 605 S.E.2d 672, 674 (2004) (quoting State v. Deese, 127 N.C. App. 536, 540, 491 S.E.2d 682, 685 (1997)) (internal quotations omitted). "The prior record level of a felony offender is determined by calculating the sum of the points assigned to each of the offender's prior convictions that the court . . . [or] the jury, finds to have been proved in accordance with this section." N.C. Gen. Stat. § 15A-1340.14(a) (2009). A prior conviction can be proved by (1) stipulation of the parties, (2) an original or copy of the court record of the prior conviction, (3) a copy of records maintained by the Division of Criminal Information, the Division of Motor Vehicles, or of the Administrative Office of the Courts, or (4) any other method found by the court to be reliable. N.C. Gen. Stat. § 15A-1340.14(f) (2009).
Defendant argues that he did not enter into a stipulation and that the prosecutor did not present any documentary evidence about Defendant's alleged conviction for common law robbery. "The State bears the burden of proving that a prior conviction exists and that the defendant is the same person as the offender in the prior conviction." State v. Wade, 181 N.C. App. 295, 298, 639 S.E.2d 82, 85 (2007)(citations omitted). "While a stipulation need not follow any particular form, its terms must be definite and certain in order to afford a basis for judicial decision, and it is essential that they be assented to by the parties or those representing them." State v. Alexander, 359 N.C. 824, 828, 616 S.E.2d 914, 917 (2005) (internal quotations omitted). "Standing alone, a sentencing worksheet prepared by the State listing a defendant's prior convictions is insufficient proof of prior convictions. A stipulation does not require an affirmative statement and silence may be deemed assent in some circumstances, particularly if the defendant had an opportunity to object and failed to do so." Wade, 181 N.C. App. at 298, 639 S.E.2d at 85.
Defendant erroneously relies on State v. Jeffrey, 167 N.C. App. 575, 605 S.E.2d 672 to support his argument. In Jeffrey, the defendant pled guilty to six counts of taking indecent liberties with a child and the plea agreement stated that the defendant would be sentenced to twenty to twenty-four months for each charge. Id. at 580, 605 S.E.2d at 675. Our Court concluded that because no mention was made of the defendant's prior record level, the "defendant's failure to object at the sentencing hearing to a prior record level III" could not be interpreted as a stipulation. Id. at 581, 605 S.E.2d at 676. Our Court also found that the defendant's agreement to six presumptive range sentences was not a "definite and certain" indication that defendant had a prior record level of III, but was "merely indicative of the bargain into which he entered with the State." Id. at 581, 605 S.E.2d at 676. However, Jeffrey is distinguishable from the case before us. The terms and conditions of Defendant's plea agreement specifically stated that Defendant was to be sentenced at "the bottom of the presumptive range for a sentence of 269-336 months." N.C. Gen. Stat. § 15A-1340.17 (2009), titled "[p]unishment limits for each class of offense and prior record level[,]" includes a punishment chart which sets out the authorized punishment for each class of offense and prior record level. A term at the bottom of a presumptive range of 269 to 336 months can only be correlated with a prior record level III. Because Defendant reviewed and agreed to his plea agreement and because the terms in his plea agreement could only correspond with a prior record level III, we conclude the terms were "definite and certain." Accordingly, we hold that Defendant stipulated to his prior record level. This assignment of error is overruled.
In Defendant's second argument, he contends that the trial court erred by assigning a point to his prior record level for his conviction for unauthorized use of a motor vehicle because the conviction was based on the same property that served as the basis for the robbery with a dangerous weapon charge to which Defendant plead guilty. We disagree.
The standard of review when determining if a trial court erred in calculating a defendant's prior record level is "whether the sentence is supported by evidence introduced at the trial and sentencing hearing." Jeffrey, 167 N.C. App. at 578, 605 S.E.2d at 674 (internal quotation marks omitted). As stated above, under N.C. Gen. Stat. § 15A-1340-14(a), a defendant's prior record level is determined by calculating the sum of the points assigned to each of the defendant's prior convictions. Defendant has admitted his conviction of unauthorized use of a motor vehicle, which constitutes a Class 1 misdemeanor. N.C. Gen. Stat. § 14-72.2 (2009). For each Class 1 non-traffic misdemeanor conviction, one point is assigned to Defendant's prior record level. N.C. Gen. Stat. § 15A-1340.14.
"For points to be assigned pursuant to N.C. Gen. Stat. § 15A-1340.14(b)(1)-(5), the only condition that must be met is the existence of a prior conviction. . . . Further, we note that G.S. § 15A-1340.14(b)(1) through (b)(5) address only the existence of prior offenses and do not consider at all the present offense[.]" State v. Bethea, 122 N.C. App. 623, 627, 471 S.E.2d 430, 432 (1996) (emphasis added). "A person has a prior conviction when, on the date a criminal judgment is entered, the person being sentenced has been previously convicted of a crime[.]" N.C. Gen. Stat. § 15A-1340.11(7) (2009). Necessarily, we reject Defendant's argument that his prior conviction cannot be used because it was based on the same property as his present offense. The issue of whether the prior conviction is related to the same property as the present offense is not a determinative factor in calculating a defendant's prior record level. Because it has been established that Defendant's prior conviction of the unauthorized use of a vehicle was a Class 1 non-traffic misdemeanor and a Class 1 non-traffic misdemeanor counts for one point, we conclude that the trial court did not err in determining Defendant's prior record level.
Finally, Defendant argues that the trial court erred by ordering him to pay restitution because the State failed to present any evidence to support the restitution order. We conclude that Defendant has failed to preserve this issue for appeal.
Since Defendant pled guilty to robbery with a dangerous weapon, first-degree sexual offense, first-degree burglary, and first-degree kidnapping, pursuant to N.C. Gen. Stat. § 15A-1444(a1) (2009), Defendant:
is entitled to appeal as a matter of right the issue of whether his or her sentence is supported by evidence introduced at the trial and sentencing hearing only if the minimum sentence of imprisonment does not fall within the presumptive range for the defendant's prior record or conviction level and class of offense. Otherwise, the defendant is not entitled to appeal this issue as a matter of right but may petition the appellate division for review of this issue by writ of certiorari.
N.C. Gen. Stat. § 15A-1444(a1). Also under N.C. Gen. Stat. § 15A-1444 (2009):
(a2) [a] defendant who has entered a plea of guilty . . . is entitled to appeal as a matter of right the issue of whether the sentence imposed:
(1) Results from an incorrect finding of the defendant's prior record level . . .
(2) Contains a type of sentence disposition that is not authorized . . . for the defendant's class of offense and prior record or conviction level; or
(3) Contains a term of imprisonment that is for a duration not authorized . . . for the defendant's class of offense and prior record or conviction level.
Defendant contends that there was no evidence to support the restitution order and that he did not stipulate to the restitution amount. However, Defendant does not present an issue for which he has an appeal as of right.
Where a defendant does not have an appeal of right, our statute provides for defendant to seek appellate review by a petition for writ of certiorari. N.C. Gen. Stat. § 15A-1444(e). However, our appellate rules limit our ability to grant petitions for writ of certiorari to the following situations: (1) defendant lost his right to appeal by failing to take timely action; (2) the appeal is interlocutory; or (3) to review a trial court's denial of a motion for appropriate relief. N.C.R. App. P. 21(a)(1)[]. In considering appellate Rule 21 and N.C. Gen. Stat. § 15A-1444, this Court has reasoned that since the appellate rules prevail over conflicting statutes, we are without authority to issue a writ of certiorari except as provided in Rule 21.
State v. Jamerson, 161 N.C. App. 527, 529, 588 S.E.2d 545, 547 (2003). In the case before us, Defendant's assignment of error does not fall within the scope of circumstances listed above. Because Defendant does not have a right to appeal as a matter of right and has failed to petition for a writ of certiorari, this assignment of error is dismissed.
For the foregoing reasons, we affirm the judgment of the trial court.
Affirmed.
Judges STEPHENS and STROUD concur.
Report per Rule 30(e).