DILLON, Judge.
Jeanette Lynn Miles ("Defendant") appeals from a judgment entered upon jury verdicts finding her guilty of second degree murder, reckless driving, failing to stop at a red light, and failing to wear a seat belt. We vacate Defendant's judgment and remand for resentencing.
I. Background
On 13 November 2013, Defendant was involved in a hit and run accident. Officers from the Greensboro Police Department received a report of the accident and proceeded to the crash site. They found Defendant and her vehicle at a nearby gas station, and their interactions with her led them to believe she was impaired. However, the officers were unable to charge Defendant with driving while impaired because of the length of time between the accident and their arrival at the scene and the lack of direct evidence that Defendant had been operating a motor vehicle. Instead, Defendant was charged with a hit and run. The officers drove Defendant to a nearby friend's house and gave the friend Defendant's car keys.
Later that day, Defendant, while on the way to Elon, drove through a red light and struck a van driven by Haywood King. King died from injuries sustained in the crash. Defendant was transported to the hospital, where she tested positive for cocaine metabolites and opiates.
Defendant was indicted for second degree murder, felony death by vehicle, reckless driving to endanger, failing to stop at a red light, and failing to wear a seatbelt. Defendant was tried by a jury. After all of the evidence was presented, the trial court instructed the jury on the applicable law. The trial court's instructions defined the malice element of second degree murder as follows: "Malice arises when an act which is inherently dangerous to human life is intentionally done so recklessly and wantonly as to manifest a mind utterly without regard for human life and social duty and deliberately bent on mischief."
A jury found Defendant not guilty of felony death by vehicle and guilty of the remaining charges. Defendant then admitted to the aggravating factor of use of a deadly weapon. The trial court consolidated the convictions for judgment under the second degree murder conviction, which was treated as a Class B1 felony, and accordingly sentenced Defendant to a minimum term of 276 months and a maximum term of 344 months of imprisonment. Defendant now appeals.
II. Analysis
Defendant argues, and the State concedes, that the trial court erred when it treated Defendant's second degree murder conviction as a Class B1 felony. Defendant contends that the trial court's "malice" instruction only supports the imposition of punishment for a Class B2 felony. We agree.
Sentencing errors are preserved for appellate review even if the defendant fails to object at the sentencing hearing. State v. Jeffery , 167 N.C. App. 575, 579, 605 S.E.2d 672, 674 (2004). Our standard of review is "whether the sentence was supported by evidence introduced at the trial or the sentencing hearing." State v. Deese , 127 N.C. App. 536, 540, 491 S.E.2d 682, 685 (1997) (internal quotation marks omitted).
In this case, the trial court consolidated all of Defendant's convictions for judgment under her second degree murder conviction, which was treated as a conviction for a Class B1 felony. Our General Statutes classify second degree murder as follows:
Any person who commits second degree murder shall be punished as a Class B1 felon, except that a person who commits second degree murder shall be punished as a Class B2 felon in either of the following circumstances:
(1) The malice necessary to prove second degree murder is based on an inherently dangerous act or omission, done in such a reckless and wanton manner as to manifest a mind utterly without regard for human life and social duty and deliberately bent on mischief.
(2) The murder is one that was proximately caused by the unlawful distribution of opium or any synthetic or natural salt, compound, derivative, or preparation of opium, or cocaine or other substance described in G.S. 90-90(1) d., or methamphetamine, and the ingestion of such substance caused the death of the user.
N.C. Gen. Stat. § 14-17(b) (2015). Thus, second degree murder is considered a Class B2 felony if the jury's finding of malice is "based on an inherently dangerous act or omission, done in such a reckless and wanton manner as to manifest a mind utterly without regard for human life and social duty and deliberately bent on mischief." Id.
At trial, the State's evidence of malice was based upon two alternative theories: (1) that Defendant was driving while impaired at the time of the accident and (2) that the accident was caused by Defendant driving through a red light at a high rate of speed. These actions constitute precisely the type of "inherently dangerous act ..., done in such a reckless and wanton manner as to manifest a mind utterly without regard for human life" referenced in N.C. Gen. Stat. § 14-17(b)(1). See State v. Snyder , 311 N.C. 391, 394, 317 S.E.2d 394, 396 (1984) (holding that evidence that the defendant ran a red light at a high rate of speed, passed cars in a no-passing zone, and ran a motorcycle off of the road while intoxicated was sufficient to support a finding "that the defendant's acts evidenced recklessness of consequences and total disregard for human life." (internal quotation marks omitted)). In addition, the court gave the jury the following instruction with respect to the malice element of second degree murder:
Sixth, that the defendant acted unlawfully and with malice. Malice is a necessary element which distinguishes second degree murder from manslaughter.
Malice arises when an act which is inherently dangerous to human life is intentionally done so recklessly and wantonly as to manifest a mind utterly without regard for human life and social duty and deliberately bent on mischief.
This language was repeated again in the trial court's mandate to the jury:
If you find from the evidence beyond a reasonable doubt that on or about the alleged date, that the defendant drove a vehicle on a highway or street and that when the defendant did so the defendant was under the influence of an impairing substance, or did not obey the traffic signal, and that the defendant acted intentionally and so recklessly and wantonly as to manifest a mind utterly without regard for human life and social duty, and deliberately bent on mischief, that this conduct constituted malice, and that such conduct proximately caused the death of the victim, it would be your duty to return a verdict of guilty of second degree murder.
The trial court's malice instructions track the statutory definition of malice contained in N.C. Gen. Stat. § 14-17(b)(1). In light of the State's evidence and the trial court's instructions, Defendant's conviction was under N.C. Gen. Stat. § 14-17(b)(1), and thus she should have been "punished as a Class B2 felon." Id . Therefore, we must vacate the judgment which treated Defendant's second degree murder conviction as a Class B1 felony and remand this case for resentencing at the correct offense class.
III. Conclusion
For the foregoing reasons, we vacate Defendant's judgment which treated her second degree murder conviction as a Class B1 felony and remand the matter back to the trial court for resentencing.
VACATED AND REMANDED FOR RESENTENCING.
Report per Rule 30(e).
Chief Judge McGEE and Judge CALABRIA concur.