STATE OF NORTH CAROLINA v. VERIL JONES

No. 8216SC1295

(Filed 7 February 1984)

1. **Criminal Law §§ 23, 138— plea arrangement for a consolidation of cases—not as to sentence**

    Where defendant's plea arrangement was simply to consolidate all three cases into one judgment for sentencing purposes and did not contain a bargain for the prosecutor's recommendation of a particular sentence, the arrangement did not limit the trial judge's opportunity to exercise his discretion in deter-

State v. Jones

mining an appropriate sentence, and the trial judge was required to make proper findings in aggravation and mitigation to support the sentence.

**2. Criminal Law § 138— aggravating factor of deterrent to others improperly considered**

The trial court erred in considering as an aggravating factor that defendant's sentence would serve as a "deterrent to others," since it does not relate to the character or conduct of the offender.

**3. Criminal Law § 138— consideration of defendant's mental defects as mitigating and aggravating factor—proper**

The trial court could consider defendant's mental defects as supporting an aggravating factor as well as a mitigating factor.

**4. Criminal Law § 138— consideration of mental defects for more than one aggravating factor—error**

The trial court erred in using defendant's mental problems to support four aggravating factors since the same item of evidence may not be used to prove more than one factor in aggravation. G.S. 15A-1340.4(a)(1).

**5. Criminal Law § 138— consideration of aggravating factor supported by evidence of pre-Act crime—improper**

Where, pursuant to a plea arrangement, three charges against defendant were consolidated for sentencing purposes, and where only one of the crimes occurred after the date the Fair Sentencing Act became applicable, and where there was no evidence that a deadly weapon was used in the commission of that crime, the trial court erred in finding as a statutory aggravating factor that "The defendant was armed with or used a deadly weapon at the time of the crime."

**6. Criminal Law § 138— consideration of possible concurrent sentences error**

Where the trial judge accepted a plea bargain arrangement in which it was agreed to consolidate three cases for sentencing under one judgment and not treat the offenses separately, the trial court could not find as a factor in aggravation that defendant "could be given consecutive sentences, but is being given a concurrent sentence."

APPEAL by defendant from *Bailey, Judge.* Judgment entered 9 June 1982 in Superior Court, ROBESON County. Heard in the Court of Appeals 21 September 1983.

Pursuant to a plea arrangement to consolidate three charges under one judgment for sentencing, defendant entered a plea of guilty to charges of felonious breaking or entering, assault on a female with intent to commit rape and first degree burglary. The court consolidated the charges for judgment and imposed a sentence of forty (40) years. The presumptive sentence for first degree burglary is fifteen (15) years. Defendant appeals pursuant

to G.S. 15A-1444(a1) contending that the trial judge erroneously considered factors in aggravation.

*Attorney General Edmisten, by Assistant Attorney General Barry S. McNeill, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Ann B. Petersen and Assistant Appellate Defender James R. Glover, for defendant appellant.*

JOHNSON, Judge.

[1] The State opposes defendant's appeal on the grounds that defendant cannot now complain of the sentence imposed simply because he entered into a plea arrangement. We disagree. G.S. 15A-1340.4(a) provides that if a prison term in excess of the presumptive is to be imposed, the trial judge must consider factors in aggravation and mitigation unless he imposes a prison term pursuant to a plea arrangement as to *sentence.* Although defendant had the opportunity to bargain for the prosecutor's recommendation of a particular *sentence,* the record shows that no such agreement was made. The plea arrangement was simply to consolidate all three cases into one judgment for sentencing purposes. This plea bargain did not limit the trial judge's opportunity to exercise his discretion in determining an appropriate sentence for the defendant. Inasmuch as the plea arrangement did not constitute a plea bargain as to *sentence,* and the sentence of 40 years varied from the presumptive sentence of 15 years, the trial judge was required to make proper findings in aggravation and mitigation to support the sentence.

The record shows that on 8 June 1982, defendant entered pleas of guilty to the offenses of felonious breaking or entering and assault on a female with intent to commit rape in case Nos. 81CRS14957 and 81CRS14906 respectively. Each offense was committed against the same victim on 17 June 1981. In case No. 82CRS7606 defendant entered a plea of guilty to the offense of first degree burglary. This offense was committed on 11 May 1982. After conducting a sentencing hearing and making findings of factors in aggravation and mitigation, the trial judge consolidated the charges for judgment and imposed a term of imprisonment of forty (40) years.

As statutory aggravating factors, the court found:

9. The defendant was armed with or used a deadly weapon at the time of the crime.

11. The defendant committed the offense [of burglary while on pretrial release on a charge of breaking or entering].[1]

As additional aggravating factors, the court found:

16. (a) That defendant is being sentenced on three offenses not arising out of the same crime episode and could be given consecutive sentence, but is being given concurrent sentence;

(b) that the sentence is necessary to deter others from committing like crimes;

(c) that defendant's history makes it necessary to segregate him for the safety of the public;

(d) that defendant is a dangerous and mentally abnormal person whose commitment for an extended term is necessary for the protection of the public;

(e) that defendant has engaged in a pattern of violent conduct which indicates a serious danger to society;

(f) defendant lacks normal judgment and ability to act logically.

As statutory mitigating factors the court found:

(1) The defendant has no record of criminal convictions or a record consisting solely of misdemeanors punishable by not more than 60 days imprisonment.

(4) The defendant was suffering from a mental or physical condition that was insufficient to constitute a defense but significantly reduced his culpability for the offense.

As an additional mitigating factor the court found that there is a guarded prospect for the rehabilitation of the defendant.

[2]  Defendant contends that the trial court erred by imposing a sentence based upon: (a) factors which the legislature had consid-

---

1. The bracketed portion of Finding No. 11 was added by the court to the statutory factor.

ered in setting the presumptive term, (b) evidence used to support more than one factor in aggravation and (c) factors not supported by a preponderance of the evidence. Defendant first argues that the additional aggravating factor 16(d) regarding "deterrence to others" was erroneously considered by the court since the legislature considered this factor in setting the presumptive term.

We find *State v. Chatman,* 308 N.C. 169, 301 S.E. 2d 71 (1983) to be dispositive of this contention. In *Chatman* the trial judge entered a finding that the sentence was necessary to deter others and that a lesser sentence would unduly depreciate the seriousness of the crime. The Supreme Court held this to be error, stating:

> These two factors fall within the exclusive realm of the legislature and were presumably considered in determining the presumptive sentence for this offense. While both factors serve as legitimate purposes for imposing an active sentence, neither may form the basis for increasing or decreasing a presumptive term because neither relates to *the character or conduct of the offender.* (Emphasis original.)

*Id.* at 180, 301 S.E. 2d at 78. Therefore, the trial court erred in making the identical finding in aggravation of defendant's sentence.

[3] Next, defendant argues that since the legislature has determined that evidence of a defendant's mental defects which significantly reduce his culpability, although insufficient to constitute a defense, is a mitigating factor, the trial judge was thereby precluded from considering the same evidence to support a finding in aggravation. We disagree. *State v. Ahearn,* 307 N.C. 584, 300 S.E. 2d 689 (1983) is dispositive of this contention. In *Ahearn* the Supreme Court held that the trial judge properly found as an aggravating factor that defendant was dangerous to others as a result of his social and emotional problems, even though evidence of his social and emotional problems was also considered in mitigation.

[4] On this point, defendant further urges that it was error for the trial court to consider the same evidence of defendant's mental problems to support more than one aggravating factor. We

agree. A careful review of the record reveals that aggravating factors 16(c), (d), (e) and (f) all relate to the same evidence of defendant's history of mental problems upon which the trial judge determined that the defendant represented a danger to society and should, therefore, be committed for a term beyond the presumptive sentence. G.S. 15A-1340.4(a)(1) provides that "the same item of evidence may not be used to prove more than one factor in aggravation."

[5] Defendant next contends that the trial judge erroneously found as a statutory aggravating factor, "The defendant was armed with or used a deadly weapon at the time of the crime." Defendant argues that this factor was not supported by the evidence. We agree. The charge of first degree burglary is the only offense of the three offenses before us to which the Fair Sentencing Act is applicable against this defendant. All of the evidence at the sentencing hearing showed that the crimes of felonious breaking or entering and assault on a female with intent to commit rape occurred on 17 June 1981, and that it was during the commission of the June 1981 crimes that defendant possessed and used a deadly weapon. The State concedes that there is no evidence that defendant possessed or used a weapon in the commission of the May 1982 crime. The Fair Sentencing Act clearly mandates that the Act is applicable only to felonies that occur on or after 1 July 1981. G.S. 15A-1340.1. Therefore, the trial judge erred in aggravating defendant's burglary charge on the basis of evidence relating to a pre-Act crime.

[6] By his final assignment of error defendant contends the trial judge erroneously found additional aggravating factor 16(a) which states that defendant "could be given consecutive sentences, but is being given a concurrent sentence." Defendant argues that there is no evidence to support this finding because the trial judge's acceptance of the plea arrangement and of defendant's plea precluded the court from imposing consecutive or concurrent sentences. The cases were therefore to be consolidated under *one* judgment for sentencing, leaving the trial judge with no further ability to deal with the 1981 offenses separately. We agree.

Fundamental fairness requires that once the trial judge accepted the plea bargain negotiation and accepted defendant's plea, the court was required to consolidate the cases for sentenc-

ing under one judgment and not treat the offenses separately. Contrary to the trial court's findings, the court could not, in violation of the terms of the accepted negotiated plea, have imposed a separate sentence in each case to run concurrently or consecutively. Therefore, the trial court erroneously considered additional aggravating factor 16(a).

In conclusion, we hold that the trial judge made numerous errors in his findings of factors in aggravation, and the defendant's sentence must be vacated and the case remanded for resentencing. *State v. Ahearn, supra.*

Vacated and remanded.

Judges BECTON and BRASWELL concur.