STATE OF NORTH CAROLINA v. DAVID EDWARD HARRIS, JR.

No. 8314SC1032

(Filed 17 April 1984)

1. Criminal Law §§ 23, 146.5 — plea bargain agreement — appeal of sentence

Defendant could appeal from a sentence imposed pursuant to a plea bargain where the plea bargain provided only that defendant's convictions would be consolidated for sentencing and did not deal with the question of length of punishment.

2. Criminal Law § 138 — conviction of two crimes — separate findings as to aggravating and mitigating factors

Where a defendant is convicted of more than one crime but only one sentencing hearing is held, the trial judge should list aggravating and mitigating factors separately as they relate to each crime whether or not the crimes are consolidated for judgment.

3. Criminal Law § 138 — pecuniary gain aggravating factor — necessity for hiring

The trial court erred in finding as an aggravating factor that the offense was committed for pecuniary gain where there was no evidence that defendant was hired to commit the offense. G.S. 15A-1340.4(a)(1)(c).

4. Criminal Law § 138 — aggravating factor — lesser sentence would depreciate seriousness of crime

The trial court erred in finding as an aggravating factor that a lesser sentence would unduly depreciate the seriousness of the crime since such factor is unrelated to the purposes of sentencing.

5. Criminal Law § 138 — plea bargain — aggravating factor — concurrent or consecutive jail terms

Where two crimes were consolidated for judgment pursuant to a plea bargain, the trial court erred in finding as an aggravating factor that it could have entered concurrent or consecutive jail terms.

**6. Criminal Law § 138— aggravating factors—determination in breaking criminal law and criminal history—use of same evidence**

    The trial court erred in finding as aggravating factors that defendant has an obvious continued determination in breaking the criminal law and that defendant's criminal history makes it necessary to separate him from the general public for its safety, since both of these factors were based upon the same evidence of defendant's prior criminal record.

APPEAL by defendant from *Brannon, Judge.* Judgment entered 3 February 1982 in DURHAM County Superior Court. Heard in the Court of Appeals 15 March 1984.

Defendant entered into a plea agreement with the state, whereby he pleaded guilty to common law robbery and attempting to obtain property by false pretense. In return, the state consolidated the two crimes for sentencing, and dismissed another charge pending against defendant. Following a sentencing hearing, the trial court found that the following eight aggravating factors had been proven by a preponderance of the evidence: (1) the offense was committed for pecuniary gain, (2) one of the victims was physically infirm, (3) the offense was committed while defendant was on pre-trial release on another felony charge, (4) defendant has a prior conviction for an offense punishable by a jail term of more than sixty days, (5) defendant's criminal history makes it necessary to separate him from the general public for its safety, (6) a lesser sentence would unduly depreciate the seriousness of defendant's crimes, (7) the defendant was convicted of crimes for which consecutive sentences could have been imposed, but for which concurrent sentences are being imposed and (8) defendant's obvious continued determination in breaking the criminal law. The trial court held further that no mitigating factors had been shown and that the aggravating factors outweighed the factors in mitigation. Defendant was sentenced to ten years in prison. From imposition of the sentence in excess of the presumptive term, defendant appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Steven F. Bryant, for the State.*

*James B. Archbell for defendant.*

WELLS, Judge.

[1] The state opposes defendant's appeal on the grounds that criminal defendants may not appeal from sentences imposed pur-

suant to a plea agreement approved and accepted by the trial court. We disagree. Defendant's plea agreement provided only that his convictions would be consolidated for sentencing, and did not deal with the question of length of punishment. Therefore, defendant is free to contend on appeal that the trial court erred in finding certain factors in aggravation of his sentence. *State v. Jones,* 66 N.C. App. 274, 311 S.E. 2d 351 (1984). *Compare State v. Simmons,* 64 N.C. App. 727, 308 S.E. 2d 95 (1983), where defendant's plea bargain provided he could be sentenced up to ten years in jail, the sentence imposed was within this limit, and no appeal was permitted.

[2]  We turn now to the merits of defendant's appeal. Where a defendant is convicted of more than one crime, but only one sentencing hearing is held, the trial judge should list aggravating and mitigating factors separately, as they relate to each crime. *State v. Ahearn,* 307 N.C. 584, 300 S.E. 2d 689 (1983). This rule applies both to the situation in which the crimes are consolidated for judgment, and where they are not. *Id.* Because the trial court in the case at bar failed to treat each offense separately and make findings tailored to the individual offense, the case must be remanded for resentencing. *State v. Farrow,* 66 N.C. App. 147, 310 S.E. 2d 418 (1984).

We deem it appropriate to note several additional errors committed by the trial court during the sentencing hearing.

[3]  In aggravating factor number one, the court found that the offense was committed for pecuniary gain, as provided under the former version of N.C. Gen. Stat. § 15A-1340.4(a)(1)(c) (1981 Cum. Supp.). It is clear, however, that a finding of this factor must be supported by evidence that defendant was hired to commit the crime. *State v. Abdullah,* 309 N.C. 63, 306 S.E. 2d 100 (1983). The mere fact that defendant profited in some way from his crime is insufficient. *See also* amended version of G.S. § 15A-1340.4(a)(1)(c), effective 1 October 1983, substituting the term "was hired or paid" for the term "for hire or pecuniary gain."

[4]  In factor number six, the trial court held that a lesser sentence would unduly depreciate the seriousness of the crime. This non-statutory factor was rejected as unrelated to the purposes of sentencing by our supreme court in *State v. Chatman,*

308 N.C. 169, 301 S.E. 2d 71 (1983). Therefore, it was error for the trial court to use this factor.

[5]   Next, we note that the trial court also erred as to factor number seven. "Fundamental fairness requires that once the trial judge accepted the plea bargain . . . the court was required to consolidate the cases for sentencing under one judgment and not treat the offenses separately. . . . [T]he court could not, in violation of the terms of the accepted negotiated plea, have imposed a separate sentence in each case to run concurrently or consecutively." *State v. Jones, supra.* It was error for the court to find as a factor in aggravation that it could have entered concurrent or consecutive jail terms. *Id.*

[6]   We turn next to factor number eight, "defendant's obvious continued determination in breaking the criminal law," and factor number five, "defendant's criminal history makes it necessary to separate him from the general public for its safety." It is clear that both of these factors in aggravation are based only upon evidence of defendant's prior criminal record, the same evidence used in finding factor number four. It is beyond question that a trial court may not use the same evidence to support more than one aggravating factor, *see, e.g., State v. Higson,* 310 N.C. 418, 312 S.E. 2d 437 (1984), and therefore the trial court erroneously found factors number eight and five.

Remanded for resentencing.

Judges ARNOLD and BRASWELL concur.