IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA19-434

Filed: 7 January 2020

Wilson County, Nos. 18CRS050794, 18CRS052721, 18CRS053352, 18CRS050804

STATE OF NORTH CAROLINA

v.

ARTHRYSIA BRASWELL, Defendant.

Appeal by Defendant from judgment entered upon plea of guilty on 12 December 2018 by Judge Walter H. Godwin, Jr., in Wilson County Superior Court. Heard in the Court of Appeals 30 October 2019.

*Attorney General Joshua H. Stein, by Assistant Attorney General Marie Hartwell Evitt, for the State.*

*Attorney Meghan Adelle Jones, for Defendant.*

BROOK, Judge.

Arthrysia Braswell ("Defendant") appeals from judgment entered upon her guilty plea. Defendant argues the State failed to establish her prior record level by a preponderance of the evidence. We agree. We therefore reverse and remand for resentencing.

I. Background

Defendant was arrested for felony malicious conduct by a prisoner, felony possession of a controlled substance on jail premises, driving while impaired, and

driving while license revoked on 8 March 2018. On 27 July 2018, she was arrested and charged with first-degree burglary. Defendant was also charged with larceny of a motor vehicle, possession of a stolen motor vehicle, and misdemeanor hit and run on 21 September 2018. She was subsequently indicted for driving while impaired, driving while license revoked, malicious conduct by a prisoner, possession of a controlled substance on prison or jail premises, and first-degree burglary. An information was also filed charging her with larceny of a motor vehicle.

On 12 December 2018, Defendant entered a plea of guilty to felonious breaking and entering, malicious conduct by a prisoner, driving while impaired, and larceny of a motor vehicle. As part of the plea agreement, the State dismissed the other charges against her, including first-degree burglary, driving while license revoked, and possession of a controlled substance on jail premises; the agreement did not countenance a particular sentence.

Judge Walter H. Godwin, Jr., accepted her plea and entered judgment upon the plea. The State submitted a prior record level worksheet for sentencing purposes. The worksheet alleged Defendant to have 12 record level points, placing her in sentencing category level IV. The State did not proffer a stipulation by the parties, an original or copy of the court record of any of the prior convictions, or a copy of records maintained by the Department of Public Safety or the Administrative Office of the Courts. Neither Defendant nor defense counsel signed the prior record level

worksheet to indicate Defendant stipulated to the information set out in the worksheet or agreed to the prior record level included therein.

The trial court sentenced Defendant to 24 months in the misdemeanant confinement program on the charge of driving while impaired,[1] 25 to 39 months' imprisonment on the charge of felony breaking and entering, and 9 to 20 months' imprisonment on the charge of larceny of a motor vehicle, the sentences to run consecutively. The trial court referenced Defendant's alleged record level only while announcing the sentence, stating:

> [A]s to the felonious breaking and entering, the Class H, I'm going to consolidate that with the malicious conduct by a prisoner to Class F, therefore, Class F, she is Record Level IV for purposes of punishment. The Court is going to make no findings in aggravation or mitigation. Going to impose a sentence within the presumptive range. She's hereby sentenced to not less than 25, no more than 39 months in the North Carolina Department of Corrections.
>
> Then in the larceny of a motor vehicle case, Class H—I mean, yeah, Class H Felon, she is Record Level IV[.]

The trial court did not ask the State or defense counsel to respond to the sentence before adjourning the sentencing hearing, and defense counsel did not object to this statement.

---

[1] The trial court determined Defendant to be a record Level I for purposes of DWI sentencing, and Defendant does not challenge this determination. We address here only Defendant's claim that the State did not meet its burden of proving her 12 record level points or Level IV category for purposes of her remaining charges.

Defendant noticed appeal on 13 December 2018 but failed to list this Court as the court to which the appeal was being made. N.C. R. App. P. 4(b) (2019). Appeal from a final judgment entered upon a plea of guilty lies of right with this Court under N.C. Gen. Stat. § 15A-1444(a2)(1) where the defendant alleges an incorrect finding of her prior record level or prior conviction level under N.C. Gen. Stat. § 15A-1340.14. *See, e.g.*, *State v. Riley*, 159 N.C. App. 546, 555, 583 S.E.2d 379, 386 (2003). Appellate counsel was appointed on 25 January 2019, and Defendant thereafter filed a petition for writ of *certiorari*. This Court has the discretion to grant a petition for writ of *certiorari* and hear an appeal.[2] *See State v. McCoy*, 171 N.C. App. 636, 638, 615 S.E.2d 319, 320-21 (2005) ("While this Court cannot hear defendant's direct appeal [for failure to comply with Rule 4], it does have the discretion to consider the matter by granting a petition for writ of *certiorari*[.]"). Accordingly, we exercise that discretion here.

## II. Standard of Review

The determination of a defendant's prior record level for sentencing purposes is subject to *de novo* review. *State v. Bohler*, 198 N.C. App. 631, 633, 681 S.E.2d 801,

---

[2] The petitioner need not show it is certain to prevail on the merits if *certiorari* is granted. Indeed, our appellate courts commonly grant such writs only to affirm the underlying judgment of the trial court. *See, e.g., State v. Green*, 350 N.C. 400, 514 S.E.2d 724 (1999); *In re Kirkman Furniture Co.*, 258 N.C. 733, 129 S.E.2d 471 (1963); *State v. Hamrick*, 110 N.C. App. 60, 428 S.E.2d 830 (1993); *State v. McNeil*, ___ N.C. App. ___, 822 S.E.2d 317 (2018).

804 (2009). We review for "whether the competent evidence in the record adequately supports the trial court's" determination of Defendant's prior record level. *Id.*

## III. Analysis

Defendant argues that the State did not prove her prior record level by a preponderance of the evidence. While Defendant did not object to the record level at sentencing, "[i]t is not necessary that an objection be lodged at the sentencing hearing in order for a claim that the record evidence does not support the trial court's determination of a defendant's prior record level to be preserved for appellate review." *Id.*

"The State bears the burden of proving, by a preponderance of the evidence, that a prior conviction exists and that the offender before the court is the same person as the offender named in the prior conviction[s]." *Id.* at 634, 681 S.E.2d at 804 (citation omitted). Under the Structured Sentencing Act, the State may prove a defendant's prior convictions and thereby establish the defendant's prior record level through any of the following methods:

> (1)    Stipulation of the parties.
>
> (2)    An original or copy of the court record of the prior conviction.
>
> (3)    A copy of records maintained by the Department of Public Safety, the Division of Motor Vehicles, or of the Administrative Office of the Courts.
>
> (4)    Any other method found by the court to be reliable.

N.C. Gen. Stat. § 15A-1340.14(f) (2017).  On one hand, a prior record level worksheet submitted by counsel for the State, standing alone, is never sufficient to meet the State's burden.  *State v. Alexander*, 359 N.C. 824, 827, 616 S.E.2d 914, 917 (2005).  On the other hand, an explicit stipulation by the defendant is not necessary for the State to carry its burden.  *See id.* at 828, 616 S.E.2d at 917.  Our case law provides useful guidance on what suffices to establish a defendant's prior record level.

In *State v. Alexander*, the trial court asked defense counsel "whether he had anything 'to say' with respect to sentencing."  *Id.* at 826, 616 S.E.2d at 916.  Defense counsel directed the court to the worksheet, telling the trial court that "up until this particular case [the defendant] had no felony convictions, as you can see from his worksheet."  *Id.*  The Court held that this "exchange between the trial judge and defense counsel constituted a stipulation," *id.* at 827-28, 616 S.E.2d at 917, because it "indicate[d] not only that defense counsel was cognizant of the contents of the worksheet, but also that he had no objections to it," *id.* at 830, 616 S.E.2d at 918.  The Court in *Alexander* considered also that the plea agreement between the defendant and the State included an agreement to a particular sentence, evidencing knowledge of and an agreement to a prior record level.  *Id.* at 825, 616 S.E.2d at 915.

In coming to this conclusion, the Court instructed that "a stipulation need not follow any particular form, [but] its terms must be definite and certain[.]"  *Id.* at 828, 616 S.E.2d at 917 (citation omitted).  Indeed, "[s]ilence, under some circumstances,

may be deemed assent." *Id.* (citation omitted). For example, silence can constitute a stipulation where either counsel for the State or the trial judge has mentioned the defendant's prior record points or record level before turning explicitly to defense counsel for an opportunity to object. *See State v. Wade*, 181 N.C. App. 295, 298, 639 S.E.2d 82, 85-86 (2007) (trial judge stated defendant's prior record level before offering defense counsel opportunity to object); *State v. Hurley*, 180 N.C. App. 680, 684, 637 S.E.2d 919, 923 (2006) (prosecutor stated defendant's prior convictions and record level before defense counsel had opportunity to be heard); *State v. Mullinax*, 180 N.C. App. 439, 444, 637 S.E.2d 294, 298 (2006) (trial judge stated defendant's prior record level and asked defendant and defense counsel to review worksheet); *State v. Eubanks*, 151 N.C. App. 499, 504-05, 565 S.E.2d 738, 742 (2002) (trial judge stated defendant's prior record level before offering defense counsel opportunity to object).

*Riley* illustrates the circumstances under which silence does not suffice to constitute a stipulation. In *Riley*, counsel for the State referenced the defendant's prior record level, and defense counsel did not object but "asked for mercy with regard to any sentence imposed[.]" *Id.* at 557, 583 S.E.2d at 387. Additionally, in *Riley*, the prosecutor and the trial court exchanged the following colloquy:

> [Prosecutor]: The first thing I would like to do is hand up a prior record worksheet (handing). This obviously is pertaining to the four charges that don't have a mandatory sentence, that being three counts of assault with a deadly

weapon with intent to kill, and possession of a firearm by a felon.

I'm showing the worksheet which shows some prior felonies, three prior—actually, four prior felonies, some though—two of them on the same day, basically possession of schedule I and possession with intent to sell and deliver schedule II. Those were the subject of the prior felony. These were from 1999, and were the subject of the firearm by felon case that we have.

Also, in September of last year the defendant was convicted of assault with a deadly weapon inflicting serious injury; also possession of a firearm by a felon. So by the time you add the points, plus the extra point for having the same offense, the firearm by a felon, I'm showing seven points. That would make him a Level III offender for sentencing on those cases.

THE COURT: So he's a Level III on three of the cases, and he's a Level what on the other?

[Prosecutor]: Well, actually he's a Level III for everything but the first-degree murder. First-degree murder, he would technically be a Level III as well, but since there's a mandatory statutory sentence, it really doesn't matter what the record level is.

*Id.* at 556, 583 S.E.2d at 386-87 (alterations in original). Defense counsel did not

object to these calculations. *Id.* at 557, 583 S.E.2d at 387. Neither defense counsel's

lack of objection to these statements, nor the prior record level worksheet, alone or in

combination, were sufficient to meet the State's burden. *Id.*

Additionally, this Court held in *State v. Jeffery*, 167 N.C. App. 575, 605 S.E.2d

672 (2004), that the "[d]efendant's agreement to six presumptive range sentences

[wa]s not a 'definite and certain' indication that defendant ha[d] a prior record level

III. It [wa]s merely indicative of the bargain into which he entered with the State." *Id.* at 581, 605 S.E.2d at 676. Simply put, the mere fact of a plea agreement does not necessarily amount to a stipulation of a prior record level. *See id.*; *Alexander*, 359 N.C. at 828, 616 S.E.2d at 917.

Here, the State failed to meet its burden. Defense counsel did not stipulate to Defendant's prior record level. In fact, neither the trial judge nor the prosecutor mentioned Defendant's prior record level, prior record level points, or the fact of each of her prior convictions in a manner that offered defense counsel any opportunity to object to the same. The first and only time the trial judge stated Defendant's prior record level was immediately before adjourning the hearing. And, as in *Riley*, "the State submitted no records of conviction [and] no records from the agencies listed in N.C.G.S. § 15A- 1340.14(f)(3)[.]"[3] 159 N.C. App. at 557, 583 S.E.2d at 387.

The State points to the plea transcript as a stipulation of Defendant's prior record level. The State contends that in the column labeled "Pun. Cl." for "Punishment Class," Defendant listed "IV" next to the felony offenses to which she was pleading guilty, that is, felony breaking and entering, malicious conduct by a prisoner, and larceny of a motor vehicle. The State submits that "Defendant clearly

---

[3] The trial court referenced a prior DWI conviction and a corresponding case number during the sentencing hearing. However, no copy of records maintained by the Department of Motor Vehicles ("DMV") appears in the record, and the State does not contend that the submission of a DMV record proved Defendant's prior convictions by a preponderance of the evidence, as required by N.C. Gen. Stat. § 15A-1340.14(f).

contemplated being sentenced as a level IV for sentencing by including the roman numerals in the 'Pun. Cl.' Column" and that "[t]he inclusion amounts to a stipulation by [D]efendant and counsel[.]" This Court should assume, the State suggests, that Defendant stipulated to being sentenced at a Level IV because "this column should [instead] contain a letter, to identify a felony punishment, or 1, 2, 3, or A1 to identify the appropriate misdemeanor punishment." However, it was the State's burden to prove by a preponderance of the evidence that these roman numerals on the plea transcript indicated that Defendant stipulated to the sentencing level, and we cannot find here that this ambiguous evidence amounts to a "definite and certain" stipulation, as required. *Alexander*, 359 N.C. at 828, 616 S.E.2d at 917 (citation omitted).

The State points also to a colloquy between the trial court and Defendant in which the trial court asked Defendant whether she had "anything [she]'d like to say to the Court[.]" In response, Defendant stated:

> I apologize to the Court, to the man whose fence it was . . . .
> I also apologize to the person [] whose residence I entered.
> I was, I've had a lot taken from me actually and since I got
> a criminal record everytime [sic] I report something
> happens to me it's threw out of court without even going
> before a judge.

The State, citing *Alexander*, contends that this reference by Defendant to her criminal record amounts to a stipulation by Defendant that she had 12 prior record level points and a stipulation to being sentenced at Level IV. In *Alexander*, however, defense

counsel explicitly referenced the prior record level worksheet, drawing the trial court's attention to Defendant's lack of any prior felony convictions, 359 N.C. at 826, 616 S.E.2d at 916, and, in so doing, tacitly endorsed its accuracy, *id.* at 830, 616 S.E.2d at 918. In contrast, the exchange between Defendant and the trial court here in which she referenced having a "criminal record" does not suggest that Defendant "was cognizant of the contents of the worksheet . . . [and] had no objections to it[,]" that she stipulated to being sentenced at a Level IV, or that she stipulated to the 12 record level points. *Id.*

The colloquy between Defendant and the trial court here shares more characteristics with *Riley* than it does with *Alexander*. Defendant's reference to her criminal record resembles the colloquy in *Riley* in which the "[d]efendant asked for mercy with regard to any sentence imposed and did not object to the information on the worksheet or the statements made by the prosecutor in reference to defendant's prior record level." 159 N.C. App. at 557, 583 S.E.2d at 387. In fact, in *Riley*, counsel for the State had a more extensive colloquy with the trial court regarding the calculation of the defendant's points and prior record level. *Id.* at 556, 583 S.E.2d at 386-87. Defense counsel in *Riley* did not object to the State's explanation of the record level calculation, and this Court still found that the State had not met its burden of proving the defendant's prior record level by stipulation. *Id.* at 557, 583 S.E.2d at 387.

The State points also to the following exchange between Defendant and the trial court to support its assertion that Defendant "clearly contemplated being sentenced as a level IV for felony sentencing":

> THE COURT: Do you understand that you're pleading to felonious breaking and entering carrying a maximum punishment of 39 months; pleading guilty to malicious conduct by a prisoner which is a Class F Felon [sic] carrying a maximum punishment of 59 months; driving while impaired, which is a misdemeanor, maximum punishment three years; and larceny of a motor vehicle which is a Class H misdemeanor carrying a maximum punishment of 39 months for a total maximum punishment of 137 months, plus three years. Do you understand that?
>
> THE DEFENDANT: Yes, sir.

However, as in *Jeffery*, Defendant's acknowledgement of her "sentence[] is not a 'definite and certain' indication that [D]efendant has a prior record level [IV]." 167 N.C. App. at 581, 605 S.E.2d at 676. Indeed, the above colloquy does not reflect Defendant's actual sentence; it reflects the total potential maximum permitted by statute and therefore cannot be interpreted to constitute a stipulation by Defendant that she should be sentenced at a Level IV. This colloquy does no work toward furthering the State's burden of proving Defendant's prior convictions.

Moreover, the State submitted neither originals nor copies of records of prior convictions nor records from agencies listed in N.C. Gen. Stat. § 15A-1340.14(f). Defendant did not stipulate to the prior record level explicitly. Further, the roman numerals listed on the plea, Defendant's reference to the existence of her criminal

record, and her acknowledgment of the statutory maximum sentence, considered either individually or in combination, do not amount to an implicit stipulation to or otherwise serve to reliably establish her record level.[4]

## IV. Remedy

Where an error occurs during the sentencing phase of a proceeding, the appropriate remedy is generally to remand for resentencing. This is true in criminal proceedings involving jury trials. *See, e.g., Riley*, 159 N.C. App. at 557, 583 S.E.2d at 387 (remanding solely for resentencing where State did not carry its burden to establish prior record level after conviction upon jury verdicts). It is also true in proceedings involving guilty pleas and plea agreements. *See, e.g.*, *State v. Murphy*, ___ N.C. App. ___, ___, 819 S.E.2d 604, 609 (2018) (remanding solely for resentencing after concluding trial court erred in ordering defendant to pay restitution where defendant had pleaded guilty to underlying charges); *State v. Bright*, 135 N.C. App. 381, 383, 520 S.E.2d 138, 140 (1999) (remanding solely for resentencing after concluding trial court erred in varying from presumptive sentence where defendant had pleaded guilty); *State v. Jones*, 66 N.C. App. 274, 280, 311 S.E.2d 351, 354 (1984)

---

[4] We note that our colleague in dissent finds pertinent that "[a]t no point in her brief or petition for *certiorari* does Defendant . . . argue prejudice, assert the record level calculation is incorrect, or that she would be eligible to receive a different or lower sentence." Tyson, J., dissenting *infra*. While this fact has been noted in cases in which our appellate courts have found a stipulation has occurred, neither these cases, nor the more similar cases in which no such stipulation occurred, nor our governing statutes suggest that a defendant must show prejudice in order to receive the benefit of a fair process in which the State meets its burden under N.C. Gen. Stat. § 15A-1340.14(f).

(remanding solely for resentencing after concluding trial court erred in varying from presumptive sentence where defendant had pleaded guilty to underlying charges). Consistent with this binding precedent, we remand for resentencing.[5]

## V. Conclusion

Having held that the State failed to meet its burden of proving Defendant's prior record level by a preponderance of the evidence, we must vacate and remand for a resentencing hearing on the charges of felonious breaking and entering, malicious conduct by a prisoner, and larceny of a motor vehicle.

VACATED AND REMANDED.

Judge COLLINS concurs.

Judge TYSON dissents by separate opinion.

---

[5] The dissent asserts we must instead set aside the entire plea agreement. The cases cited in support of this contention, however, are readily distinguishable. Defendant does not seek to repudiate any portion of her plea agreement. *State v. Green*, ___ N.C. App. ___, ___, 831 S.E.2d 611, 618 (setting aside plea agreement). And our opinion does not render any plea agreement terms unfulfillable. *State v. Rico*, 218 N.C. App. 109, 122, 720 S.E.2d 801, 809 (2012) (Steelman, J., concurring in part and dissenting in part), *rev'd for the reasons stated in the dissent*, 366 N.C. 327, 734 S.E.2d 571 (2012) (same). There was no agreement to a particular sentence in the plea agreement here; thus, the commensurate remedy is remand for resentencing.

TYSON, Judge, dissenting.

The majority's form-over-substance ruling places Defendant at risk of losing a very beneficial plea bargain on the four charges she pled guilty to committing and allows the State to reinstate all the other nineteen charges that were dismissed. Defendant fails to argue or show any error or prejudice or that she is entitled to receive any sentence other than what she received.

Defendant's petition does not allege or demonstrate any prejudice and her arguments are wholly without merit. The majority's opinion erroneously issues our writ, reaches the merits of Defendant's purported appeal and reverses the judgments entered upon Defendant's knowing guilty plea pursuant to a plea agreement. I respectfully dissent.

## I. Presumption of Correctness

The Supreme Court of North Carolina has held the defendant carries the burden to overcome the presumption of correctness and to demonstrate prejudicial error to warrant any relief. "The general rule is that a judgment is presumed to be valid and will not be disturbed absent a showing that the trial judge abused his discretion. When the validity of a judgment is challenged, the burden is on the defendant to show error amounting to a denial of some substantial right." *State v. Bright*, 301 N.C. 243, 261, 271 S.E.2d 368, 379-80 (1980).

> The defendant, attacking a sentence, however, is confronted by the presumption that the trial judge acted fairly, reasonably, and impartially in the performance of

> the duties of his office. Our entire judicial system is based upon the faith that a judge will keep his oath. Unless the contrary is made to appear, it will be presumed that judicial acts and duties have been duly and regularly performed.

*State v. Harris,* 27 N.C. App. 385, 386-87, 219 S.E.2d 306, 307 (1975) (citations, ellipses and internal quotation marks omitted).

The "presumption of lower court correctness and the wide discretion afforded our trial judges in rendering judgment" is based upon the view the trial judge participated in the disposition of the case and is in "the best position to determine appropriate punishment for the protection of society and rehabilitation of the defendant." *Id.* at 387, 219 S.E.2d at 307 (citation and internal quotation marks omitted).

These presumptions are not overcome in Defendant's petition and Defendant shows no prejudice. The trial court received and reviewed the signed plea arrangement between Defendant and the State and the sentencing worksheet. The trial court heard from Defendant's counsel, Defendant, and the State before it imposed a sentence within the presumptive range for a level IV offender. At no point does Defendant argue that her sentence was incorrect, her prior record level was calculated incorrectly, or she was entitled to a different sentence.

Defendant has not demonstrated how she was prejudiced by the trial court's acceptance of her plea arrangement and subsequent presumptive sentence. The

majority's opinion ignores the presumption of correctness and relieves Defendant of her burden to show prejudice to reverse the trial court's judgment. She demonstrates no merit and is not entitled to this Court's discretionary writ.

## II. N.C. Gen. Stat. §§ 15A-1442 and 1444

Contrary to the majority opinion's assertion, Defendant does not have any appeal of right under these facts. Defendant voluntarily pled guilty and was sentenced within the presumptive range for the felonies to which she committed and knowingly admitted. *See* N.C Gen. Stat. § 15A-1444(a1) (2017). She asserts, despite her in-court acknowledgement of her past criminal record, her signed Transcript of Plea, and her colloquy with the trial court, that she did not agree or stipulate to her prior record level.

Defendant failed to and cannot assert her prior record level was incorrectly calculated or that points for prior convictions were attributed incorrectly. *See* N.C. Gen. Stat. § 15A-1444 (a2)(1). She never asserts either an erroneous record level or any prejudice she has suffered.

Under N.C. Gen. Stat. § 15A-1442, "Grounds for correction of error by appellate division," Defendant meets none of the statutory criteria.

> The following constitute grounds for correction of errors by the appellate division.
>  . . . .
>
> (5b) Violation of Sentencing Structure.--The sentence imposed:

3

a. Results from an incorrect finding of the defendant's prior record level under G.S. 15A-1340.14 or the defendant's prior conviction level under G.S. 15A-1340.21;

b. Contains a type of sentence disposition that is not authorized by G.S. 15A-1340.17 or G.S. 15A-1340.23 for the defendant's class of offense and prior record or conviction level; or

c. Contains a term of imprisonment that is for a duration not authorized by G.S. 15A-1340.17 or G.S. 15A-1340.23 for the defendant's class or offense and prior record or conviction level.

(6) Other Errors of Law.--Any other error of law was committed by the trial court *to the prejudice of the defendant.*

N.C. Gen. Stat. § 15A-1442 (2017) (emphasis supplied).

### III. Petition for Writ of Certiorari

It is uncontested that Defendant filed a defective notice of appeal. Subsequently, Defendant filed a petition for a writ of certiorari. To warrant consideration, Defendant's "petition for the writ must show merit or that error was probably committed below. *In re Snelgrove,* 208 N.C. 670, 672, 182 S.E. 335 [1935]. *Certiorari* is a discretionary writ, to be issued only for good and sufficient cause shown. *Womble v. Gin Company,* 194 N.C. 577, 579, 140 S.E. 230 [1927]." *State v. Grundler,* 251 N.C. 177, 189, 111 S.E.2d 1, 9 (1959). Without an allegation of prejudice, review by certiorari is not available to either by statute or by precedent to

4

Defendant. N.C. Gen. Stat. § 15A-1442; N.C. Gen. Stat. § 15A-1444(g); *Grundler,* 251 N.C. at 189, 111 S.E.2d at 9.

To warrant issuance of the writ, Defendant's petition must show the purported issue on appeal has potential merit and, if meritorious, that she suffered prejudice. While her petition is not required to show she is certain to *prevail* on the merits, it alleges no *potential* of merit, asserts no prejudice or probability of a different sentence on remand. I vote to deny the meritless petition.

The majority's opinion does not state any basis to allow the petition or invoke Rule 2, but nonetheless grants Defendant's petition and addresses the merits. As such, I address lack of demonstrated merit or prejudice in the underlying issue and the substantial risks to Defendant on remand.

## IV. Stipulation

It is undisputed Defendant voluntarily and knowingly entered a guilty plea. Consistent with her plea, Defendant was sentenced as a prior record level IV within the presumptive range for felonious breaking and entering, malicious conduct by a prisoner, driving while impaired, and larceny of a motor vehicle.

In exchange for Defendant's guilty plea to these four charges, the State dismissed the following *nineteen* additional charges: (1) first-degree burglary; (2) driving with license revoked; (3) resisting a public officer; (4) felony possession of a schedule II substance; (5) misdemeanor child abuse; (6) possession of a controlled

substance in jail premises; (7) possession of a stolen vehicle; (8) *three* counts of hit and run; (9) failure to maintain lane control; (10) driving while license revoked due to impaired driver's license revocation; (11) aggressive driving; (12) driving while impaired; (13) malicious conduct by a prisoner; (14) larceny of a motor vehicle; (15) larceny of a dog; (16) driving without liability insurance; and, (17) transporting a child not in rear seat.

During Defendant's plea colloquy and sentencing hearing, the State submitted a Transcript of Plea, *signed* by Defendant *and* her counsel. Also a prior record level worksheet and a copy of Defendant's driving record were presented without objection. The sentencing worksheet indicated Defendant had accrued twelve prior conviction sentencing points. Four of those points came from two prior class H felony convictions and eight points derived from a combination of multiple Class A1 and Class 1 misdemeanors. The majority's opinion correctly notes Defendant does not challenge the record level determination for her driving while impaired conviction.

Defendant's sole argument asserts only she did not sign the stipulation in Section III of her prior record level/conviction level worksheet. Defendant's petition does not deny any of the underlying convictions nor argue her twelve prior record points were not correctly computed. She does not assert that she is entitled to a different sentence if the judgment on her plea is reversed. After hearing from both

parties, including Defendant individually, the trial court sentenced Defendant in the presumptive ranges as a prior record level IV on the felony counts.

The State bears the burden of proving by a preponderance of the evidence that a prior conviction exists. *See State v. Alexander*, 359 N.C. 824, 827, 616 S.E.2d 914, 917 (2005). The State can prove a defendant's prior convictions and establish the defendant's prior record level under the statute by any of the following:

> (1)  Stipulation of the parties.
>
> (2)  An original or copy of the court record of the prior conviction.
>
> (3)  A copy of records maintained by the Department of Public Safety, the Division of Motor Vehicles, or of the Administrative Office of the Courts.
>
> (4)  Any other method found by the court to be reliable.

N.C. Gen. Stat. § 15A-1340.14(f) (2017).

Defendant's express, explicit or signed affirmation is not necessary for the State to carry its burden. *Alexander*, 359 N.C. at 829, 616 S.E.2d at 917. The Supreme Court of North Carolina stated "a stipulation need not follow any particular form, [but] must be definite and certain[.]" *Id.* at 828, 616 S.E.2d at 917 (citation omitted). "Silence, under some circumstances, may be deemed assent." *Id.* (citation omitted).

## A. *State v. Riley*

The majority's opinion cites this Court's opinion in *State v. Riley* to support its conclusion to reverse. *State v. Riley*, 159 N.C. App. 546, 583 S.E.2d 379 (2003). In

*Riley*, the State submitted the defendant's prior record worksheet and asserted the defendant was a prior record level III offender for sentencing after the jury had convicted him. *Id.* at 556, 583 S.E.2d at 387. The State asserted the crimes were committed for the benefit of gang activity and sought a sentence within the aggravated range. *Id.*

In response, the "[d]efendant asked for mercy with regard to any sentence imposed and did not object to the information on the worksheet or the statements made by the prosecutor in reference to defendant's prior record level." *Id.* at 557, 583 S.E.2d at 387. This Court held that the sentencing worksheet filled out by the prosecutor and unsupported statements about the defendant's prior record level were insufficient to carry the State's burden to show the prior convictions. *Id.*

*Riley* is inapposite to these facts and does not support the majority's conclusion. The defendant in *Riley* did not plead guilty, and no voluntary and knowing plea bargain was made. No Transcript of Plea, signed by both defense counsel and the defendant, containing a listed and correct punishment level was produced in *Riley*. No plea colloquy occurred as was done in the present case. The majority opinion's reliance upon *Riley* to support its outcome is without foundation.

### B. *State v. Alexander*

The majority's opinion also misapplies and discounts the holding in *State v. Alexander*. In *Alexander*, our Supreme Court held that the dialogue between the trial

8

court and defense counsel constituted a stipulation. *Id.* at 828, 616 S.E.2d at 917. After the plea colloquy, the defendant Alexander stipulated to a factual basis for his plea. *Id.* at 825, 616 S.E.2d at 916. Our Supreme Court was persuaded by the defense counsel's directing the trial court to the sentencing worksheet, the trial court's reliance on defense counsel's statements about defendant's prior offenses, and the trial court's knowledge of the plea agreement as proof of the defendant's stipulation and the accuracy of the record level calculation. *Id.* at 832, 616 S.E.2d at 919.

The Court noted its "previous decisions make it clear that counsel need not affirmatively state what a defendants prior record level is for a stipulation with respect to that defendants prior record level to occur." *Id.* at 830, 616 S.E.2d at 918 (citing *State v. Albert*, 312 N.C. 567, 579-80, 324 S.E.2d 233, 241 (1985)).

Here, as in *Alexander*, Defendant and her counsel both signed the Transcript of Plea. The Transcript includes numerous sections, one of which is labeled "Pun. CL.," an abbreviation for "punishment conviction level." Defendant's Transcript noted a roman numeral "IV" next to all the felonies to which she pled guilty.

In addition to the signed Transcript of Plea, the trial court and Defendant engaged in the plea colloquy. Defendant acknowledged she understood the terms and conditions of her plea arrangement and agreed there was factual basis for her guilty pleas. The trial court then asked for Defendant's driving record. While the prosecutor sought the record, defense counsel provided the court with information about

9

Defendant. The court offered Defendant the opportunity to be heard and she apologized for her criminal conduct and acknowledged having "a criminal record."

### *C. State v. Wade*

Many opinions by this Court provide precedents to affirm the judgment in the present case. Where a sentencing worksheet is the only proof of previous convictions submitted to the trial court, this Court will look to the record and dialogue between the parties to determine if a defendant stipulated to prior convictions. *State v. Wade*, 181 N.C. App. 295, 298, 639 S.E.2d 82, 86 (2007).

In *Wade*, the defendant failed to object to his sentencing worksheet. *Id.* at 299, 639 S.E.2d at 86. At sentencing, defense counsel spoke on behalf of the defendant and described mitigating factors to the trial court. *Id.* This Court held the defendant's failure to object, when he had the opportunity to do so, constituted a stipulation to the prior offenses. *Id.*

### D. *State v. Eubanks*

In *State v. Eubanks*, 151 N.C. App. 499, 504-05, 565 S.E.2d 738, 742 (2002), after defendant Eubanks was convicted by a jury, the State submitted a sentencing worksheet that was not signed by the defendant or defense counsel. The trial court asked defense counsel if he had seen the worksheet and counsel answered affirmatively. *Id.* Further the court asked if he had any objections. *Id.* This Court held that the defendant's opportunity to object and his failure to do so clearly

constituted his stipulation to his unsigned prior record level worksheet. *Id.* at 506, 565 S.E.2d at 742.

### E. *State v. Hurley*

In *State v. Hurley*, 180 N.C. App. 680, 685, 637 S.E.2d 919, 923 (2006), the defendant was convicted by a jury of committing robbery. He failed to object to the convictions on his sentencing worksheet at sentencing. Instead of objecting to his sentencing worksheet, defense counsel asked for the defendant to be placed on work release. *Id.* This Court held defense counsel's conduct constituted defendant's stipulation to his prior convictions. *Id.*

### F. *State v. Mullinax*

In *State v. Mullinax*, 180 N.C. App. 439, 440, 637 S.E.2d 294, 295 (2006), the defendant pled guilty to second-degree murder. At the plea hearing, "after determining that there was no maximum sentence listed on the plea transcript, the trial court explained that it would calculate the sentence for defendant." *Id.* at 444, 637 S.E.2d at 297. The trial court asked the prosecutor and defense counsel if "two hundred and ninety-four months on the Level 2 sounded correct?" *Id.*, 637 S.E.2d at 298 (emphasis omitted). Both counsels answered affirmatively. *Id.*

This Court held the statements made defense counsel were to be "construed as a stipulation by defendant that he had been convicted of the charges listed on the worksheet." *Id.* at 445, 637 S.E.2d at 298. This Court further noted the numerous

opportunities for the defendant and his counsel to interject: "(1) when the trial court asked if [the sentence term] was accurate; (2) when they reviewed and *defendant signed the Transcript of Plea*; (3) after the State's summary of the evidence; (4) during their *statements at the factual basis*; and (5) during the sentencing phase." *Id.* at 445-46, 637 S.E.2d at 298 (emphasis supplied). This Court also noted, as here, the defendant did not contest the prior convictions as listed on his worksheet. *Id.*

The majority opinion's attempt to explain away or diminish these precedents, all of which support affirming the trial court's judgment, is unpersuasive.

## V. Set Aside Plea Arrangement

The majority's opinion concludes to "reverse and remand for a resentencing hearing on the charges of felonious breaking and entering, malicious conduct by a prisoner, and larceny of a motor vehicle." This mandate itself is error and is not supported by precedents.

"Although a plea agreement occurs in the context of a criminal proceeding, it remains contractual in nature. A plea agreement will be valid if both sides voluntarily and knowingly fulfill every aspect of the bargain." *State v. Rodriguez*, 111 N.C. App. 141, 144, 431 S.E.2d 788, 790 (1993). As a bilateral contract where one party rejects the terms or breaches the performance, the proper mandate under the majority's conclusion is to vacate and set aside the plea arrangement. *State v. Green,*___ N.C. App. __, __ 831 S.E.2d 611, 618 (2019). This returns the parties to

status quo and results in Defendant facing all the original charges. *See id.* Rescission of the agreement by the non-breaching party and the parties' return to status quo is the remedy available in every contract. *Gilbert v. West*, 211 N.C. 465, 466, 190 S.E. 727, 728 (1937) ("When a court, in the exercise of its equitable jurisdiction, cancels a contract or deed, it should seek to place the parties in status quo[.]").

In *Green*, this Court held that the defendant's stipulation was invalid. This Court further held that since the sentence was imposed as part of a plea agreement, the "plea agreement must be set aside in its entirety, and the parties may either agree to a new plea agreement or the matter should proceed to trial on the original charges in the indictments." *Green,* __ N.C. App. at __ 831 S.E.2d at 618.

*Green* and its predecessor, *State v. Rico,* are controlling. *State v. Rico,* 218 N.C. App. 109, 122, 720 S.E.2d 801, 809 (Steelman, J., dissenting) (concluding plea agreement must be set aside and judgment must be vacated and remanded for disposition of original charge where trial court erroneously imposed aggravated sentence based solely upon defendant's plea agreement and stipulation to aggravating factor), *rev'd per curiam for reasons stated in dissent*, 366 N.C. 327, 734 S.E.2d 571 (2012).

The defendants in *Green* and *Rico* struck plea bargains with the State. *Green,* __ N.C. App. at __, 831 S.E.2d at 613; *Rico*, 218 N.C. App. at 111, 720 S.E.2d at 802. The issue in those cases is the same as here: was the plea bargain legally correct and

13

binding? Once the appellate determinations were made, defendants Green and Rico were returned to the trial court to re-negotiate a new plea bargain with the State or proceed to trials on the original charges. *Green*, __ N.C. App. at __, 831 S.E.2d at 618; *Rico*, 218 N.C. App. at 122, 720 S.E.2d at 809.

The results of *Green* and *Rico* are consistent with our Court's long-standing precedent of affording the defendant and the State the opportunity to re-negotiate a plea arrangement or proceed to trial where the plea arrangement was rejected or ruled invalid.

Ten years after this Court's formation, *State v. Fox* was decided. *State v. Fox*, 34 N.C. App. 576, 239 S.E.2d 471 (1977). In *Fox*, the defendant was charged by warrant with two counts of felony breaking and entering and larceny. *Id.* at 576, 239 S.E.2d at 472. The defendant pled guilty to two misdemeanor counts pursuant to plea arrangement in district court and then appealed for trial *de novo* in superior court. *Id.* at 577, 239 S.E.2d at 472. The superior court refused to allow a trial. *Id.*

This Court held that the defendant was entitled to trial *de novo* in superior court. *Id.* at 578, 239 S.E.2d at 473. However, the defendant at his new trial would be subject to the possibility of being tried on indictments for the original felonies. *Id.* at 579, 239 S.E.2d at 473. In the opinion authored by Chief Judge Brock, the Court held: "*Where a defendant elects not to stand by his portion of a plea agreement, the*

14

*State is not bound by its agreement to forego the greater charge.*" Id. (emphasis supplied).

The cases cited in the majority's opinion, *State v. Murphy*, *State v. Bright* and *State v. Jones* do not support the majority's outcome. In those cases, the trial court, not a party, had erroneously veered from the plea arrangements, rather than the situation present here. Defendant has elected to challenge her own undisputed agreement, after she received everything the State had agreed to, and without showing any potential prejudice.

In *Murphy*, the trial court ordered restitution outside of the plea arrangement. *State v. Murphy*, __ N.C. App. __, 819 S.E.2d 604 (2018). The trial court had ordered restitution for victims of cases which had been dismissed. This Court held, "As defendant never agreed to pay restitution as part of the plea agreement, the invalidly ordered restitution was not an 'essential or fundamental' term of the deal. Accordingly, we hold the proper remedy here is not to set aside defendant's entire plea agreement but to vacate the restitution order and remand for resentencing solely on the issue of restitution." *Id.* at __, 819 S.E.2d at 609.

In *Bright*, the plea arrangement allowed the defendant to plead to a lesser included offense with sentencing in the trial court's discretion. *State v. Bright*, 135 N.C. App. 381, 382, 520 S.E.2d 138, 139 (1999). The court failed to make the required written findings of aggravation and mitigation. *Id.* In its brief, the State conceded

15

the error. *Id.* at 383, 520 S.E.2d at 140. This was not a case of either party challenging their agreement. The judgment in *Bright* was properly remanded for resentencing. *Id.*

In *State v. Jones*, 66 N.C. App. 274, 280, 311 S.E.2d 351, 354 (1984), the trial court erroneously considered an additional aggravating factor in sentencing. This Court held "that the trial judge made numerous errors in his findings of factors in aggravation, and the defendant's sentence must be vacated and the case remanded for resentencing." *Id.*

The present case is also distinguishable from the facts of *Rodriguez,* where this Court allowed a defendant to be re-sentenced upon remand of his appeal of his plea arrangement. *Rodriguez,* 111 N.C. App. at 148, 431 S.E.2d at 792. In *Rodriguez*, the prosecutor violated the terms of the plea arrangement. This Court held the prosecutor's actions constituted a due process violation and the only relief available was to abandon the arrangement and allow the defendant's sentencing hearing to be conducted before a different trial judge. *Id.*

*Rodriguez* and the factual and procedural backgrounds of the cases cited in the majority's opinion are wholly different from the present case. The State and Defendant each honored their agreement with a guilty plea and the State dismissed nineteen charges as a condition of the plea. Here, where Defendant seeks to undo the arrangement in an unmeritorious, but allowed petition before this Court, the only

proper remedy is rescission and to vacate the plea arrangement and the judgment and return the parties to where they stood prior to the plea.

## VI. Conclusion

Defendant has: (1) no right to appeal; (2) failed to preserve appellate review when she knowingly and voluntarily entered her guilty pleas; (3) failed to forecast, any basis to allow her petition for writ of certiorari; (4) presented no meritorious argument; and, (5) failed to demonstrate any prejudice.

The majority's opinion does not cite any basis to allow Defendant's petition and issue the writ or invoke Rule 2. Defendant pled guilty, she and her counsel both signed the Transcript of Plea, engaged in a plea colloquy with the trial judge, and she had ample opportunities to object to her sentencing calculation at her sentencing hearing.

Defendant and her counsel presented her prior history and her counsel discussed potential treatments for Defendant while she would serve her sentence. Defendant acknowledged her own prior criminal history to the Court. Defendant received the full benefit of her plea bargain, has not shown any prejudice, or that a different result will occur by setting aside her sentence.

The dialogue, colloquy, the conduct of counsel and Defendant, Defendant's failure to object to her sentencing calculation at the trial court, and her and counsel's signed Transcript of Plea and notation of "IV" at the punishment conviction level on

17

the transcript are sufficient to sustain the State's burden that Defendant stipulated to her sentencing level. N.C. Gen. Stat. § 15A-1340.14(f)(1). Defendant's petition is entirely without merit. At no point in her brief or petition for certiorari does Defendant show merit, argue prejudice, assert the prior record level calculation is incorrect, or that she would be eligible to receive a different or lower sentence.

Defendant's plea bargain and prior record level calculation can be sustained under "[a]ny other method found by the court to be reliable." N.C. Gen. Stat. § 15A-1340.14(f)(4). I vote to affirm the trial court's judgment and sentencing of Defendant as a level IV offender. I respectfully dissent.